PARK v. LANSING BOARD OF EDUCATION

1. CONSTITUTIONAL LAW—MOOTNESS.

Plaintiffs, former administrative employees of a school district, were not barred by mootness from pressing their claim that a school board regulation that administrative employees had to live within the school district was invalid where plaintiffs filed the suit when they were still administrative employees, plaintiffs were not rehired at the end of their one-year contracts, and plaintiffs were not rehired solely for their failure to comply with the school board's rule governing residency.

2. SCHOOLS AND SCHOOL DISTRICTS—EMPLOYEE'S RESIDENCE REQUIRE-
MENTS—CONSTITUTIONAL LAW.

School board rule requiring professional employees in administrative positions to reside in the school district was not violative of substantive due process where the question of the beneficial effect on public employment services of a residence requirement for public employees is reasonably debatable.

3. SCHOOLS AND SCHOOL DISTRICTS—EMPLOYEE'S RESIDENCE REQUIRE-
MENTS—CLASSIFICATIONS—CONSTITUTIONAL LAW.

The cut-off date in a school board rule which would permit professional employees in administrative positions to continue to reside outside the school district if they were employed in professional administrative positions prior to July 1, 1962 and had continuously resided outside the school district since that date, but which required, on the penalty of termination of employment all other professional administrative employees to live within the school district must have a reasonable re-

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 47 Am Jur, Schools §§ 31, 109.
Residence or inhabitancy within district or other political unit for which he is elected or appointed as a necessary qualification of office or candidate, in absence of express provision to that effect, 120 ALR 672.
[2, 3] 16 Am Jur 2d, Constitutional Law § 494 et seq.

lation to the intended purpose of the residence policy to be valid.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 February 4, 1971, at Lansing. (Docket No. 10083.) Decided April 23, 1971.

Complaint by Harriet Park and other professional personnel holding administrative positions in the Lansing School District against the Lansing School District, the Board of Education of the Lansing School District, and Thomas C. Walsh, intervening defendant, to enjoin the enforcement of a residency requirement. Complaint dismissed. Plaintiffs appeal. Reversed and remanded.

*Livingston, Gregory, Van Lopik & Higle,* for plaintiffs.

*Newman & Mackay,* for Lansing Board of Education.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

QUINN, P. J. On defendants' motion, the trial court dismissed plaintiffs' complaint which sought to restrain defendants from enforcing policy rule No 4116.5 adopted by the Board of Education on or about July 17, 1969. Plaintiffs appeal.

Plaintiffs filed this action April 24, 1970. At that time, all plaintiffs were administrative employees of the school district who lived outside the geographical boundaries of the district. The policy rule involved reads:

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Professional personnel holding administrative positions in the Lansing School District shall reside within the school district.

"A professional staff member who now holds an administrative position and resides outside of the Lansing School District shall establish residence in Lansing School District not later than July 1, 1970, or his or her appointment will be terminated, except that this provision shall not apply to persons who held an administrative position prior to July 1, 1962, and have continuously resided outside of the district since July 1, 1962.

"The holder of an administrative position who moves his residence from within the Lansing School District shall have automatically terminated his appointment.

"The appointment of a professional staff member who resides outside of the Lansing School District to an administrative position or promotion of such staff member to another administrative position shall be temporary and shall be terminated if such professional staff member does not establish residence in the Lansing School District within one year from the date of the appointment."

There is no similar rule for other employees of the school district.

Plaintiffs were on one-year contracts which expired June 30, 1970, and they did not have tenure. They were not rehired, and on the basis of *Wedin* v. *Atherholt* (1941), 298 Mich 142, defendants contend this case is moot. We do not so view it. Plaintiffs filed this action as employees. There is no indication in the record that they were not rehired for any reason except their failure to comply with the policy rule, the validity of which they contest. Plaintiffs had, and they still have, a justiciable issue.

In support of their appeal, plaintiffs first contend that the policy rule denies them due process. We

read *Williams* v. *Civil Service Commission of the City of Detroit* (1970), 383 Mich 507, to hold otherwise. If the question of the beneficial effect of a residence requirement for public employees on public employment. services is reasonably debatable, substantive due process is not violated, *Williams, supra.* On this record, that question is reasonably debatable and we find no violation of substantive due process.

Plaintiffs next contend that the policy rule denies them equal protection because there is no reasonable justification for the cutoff date of July 1, 1962, and, hence, unwarranted discrimination occurs between persons employed before July 1, 1962, and persons employed thereafter. There is an indication in the argument before the trial judge that there is some justification for this cutoff date. It may bear some reasonable relation to the intended purpose of the residency rule. See *Beauty Built Construction Corporation* v. *City of Warren* (1965), 375 Mich 229, 235. The trial judge did not rule on the reasonableness of the justification, and on the present record we are unable to do so.

Reversed and remanded for factual findings and conclusions of law on the question of whether or not the cutoff date of July 1, 1962 bears some reasonable relation to the intended purpose of the residence policy rule. An affirmative finding will support the validity of the rule. If the finding is negative, the rule is invalid. *Beauty Built Construction Corporation, supra.* We do not retain jurisdiction.

Reversed and remanded without costs.

All concurred.