Fern TAYLOR and Frances K. Grow, Individually and on Behalf of all others similarly situated, Plaintiffs-Appellants,

v.

Sidney E. SMITH, Individually and in his capacity as Secretary of the Washington State Department of Social and Health Services, Defendant-Appellee.

No. 72–1060.

United States Court of Appeals, Ninth Circuit.

May 17, 1972.

**660**

---

Donald E. Clocksin (argued), John Gant, Seattle, Wash., for plaintiffs-appellants.

Walter E. White, Asst. Atty. Gen. (argued), Slade Gorton, Atty. Gen. of Washington, Olympia, Wash., for defendant-appellee.

Before HAMLIN, HUFSTEDLER and GOODWIN, Circuit Judges.

PER CURIAM:

Appellants were the recipients of public assistance in Washington. When this assistance was suspended by Washington authorities, they filed in the United States District Court for the Western District of Washington a complaint for injunctive relief and damages, and requested the convening of a 3-judge court pursuant to 28 U.S.C. §§ 2281 and 2284. Appellants contended that the provisions of the Washington statute and the regulations pertaining thereto governing the method of terminating and withholding such assistance failed to provide them with timely notice and opportunity for hearing prior to such termination, and therefore violated their procedural due process rights under the Fourteenth Amendment of the United States Constitution.

The district judge denied appellants' demand for a 3-judge court, and this appeal is from that order.

Without in any way passing on the ultimate merits of appellants' contentions, it appears that the claims of the unconstitutionality of the state regulations and statutes attacked are of sufficient substantiality to justify the convening of a 3-judge court to determine their merit. *See,* Protestants and Other Americans United, etc. v. United States, 435 F.2d 627, 629 (6th Cir. 1970), cert. denied sub nom. Donahey v. Protestants and Other Americans United, etc., 403 U.S. 955, 91 S.Ct. 2277, 29 L.Ed.2d 865 (1971), and cases cited therein.

It is therefore ordered that the case is remanded to the district court for further action in conformity with this order.