PARK v LANSING BOARD OF EDUCATION

SCHOOLS AND SCHOOL DISTRICTS—EMPLOYEES' RESIDENCE REQUIRE-
  MENTS—CLASSIFICATIONS—CONSTITUTIONAL LAW—EQUAL PRO-
  TECTION.
    The cutoff date in a school board rule, which would permit school
    administrators to continue to reside outside the school district
    if they were employed in administrative positions prior to July
    1, 1962 and had continuously resided outside the school district
    since that date but which required all other school administra-
    tors to live within the school district, bears some reasonable
    relation to the intended purpose of the residence rule; the rule
    is not so unreasonable or arbitrary as to constitute a denial of
    equal protection of the laws.

Appeal from Ingham, James T. Kallman, J.
Submitted Division 2 May 7, 1975, at Lansing.
(Docket No. 21125.) Decided June 27, 1975. Leave
to appeal denied, 395 Mich 774.

Complaint by Harriet Park and others holding
administrative positions in the Lansing School
District against the Lansing School District and
the Board of Education of the Lansing School
District to enjoin the enforcement of a residency
requirement. Thomas C. Walsh intervened as a
defendant. Complaint dismissed. Plaintiffs ap-
pealed. Reversed and remanded, 32 Mich App 752

REFERENCES FOR POINTS IN HEADNOTE
25 Am Jur 2d, Domicil §§ 5, 44.
63 Am Jur 2d, Public Officers and Employees §§ 47, 48.
Residence or inhabitancy within district or other political unit for
  which he is elected or appointed as a necessary qualification of
  officer or candidate, in absence of express provision to that effect.
  120 ALR 672.

(1971). On remand, judgment for defendants. Plaintiffs appeal. Affirmed.

*Gregory, Van Lopik & Higle,* for plaintiffs.

*Dunnings & Gibson, P. C.,* for defendants.

Before: DANHOF, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

PER CURIAM. Plaintiffs challenge the legitimacy of Policy Rule 4116.5 of the Lansing School District, formally adopted by the Board of Education in July, 1969. The rule requires that administrators live within the district or suffer loss of their administrative positions but creates an exception for those who have held administrative positions since July 1, 1962 and have lived outside the district continuously since that time. In July, 1962 the board adopted an informal policy requiring newly hired or promoted administrators to live within the district. When notified in April, 1970, that they would have to move within the district in order to retain their positions, plaintiffs, all of whom were appointed subsequent to July 1, 1962, sought to enjoin enforcement of Rule 4116.5. After dismissal of their complaint, plaintiffs appealed to this Court. We held that the rule did not violate due process, but, because the trial judge did not rule on the equal protection claim presented, we remanded "for factual findings and conclusions of law on the question of whether or not the cutoff date of July 1, 1962 bears some reasonable relation to the intended purpose of the residence policy rule". *Park v Lansing Board of Ed,* 32 Mich App 752, 755; 189 NW2d 60 (1971). On remand, the trial court ruled that there was no violation of equal protection.

Plaintiffs would liken their situation to that presented in *Beauty Built Construction Corp v Warren,* 375 Mich 229; 134 NW2d 214 (1965), where an ordinance providing for sewer tap fees for buildings constructed after a certain date was invalidated. Since the ordinance deemed the time of construction crucial, and not the time of tap-in, the Supreme Court declared that the date "certainly was not chosen because it formed a reasonable or rational date for establishing a division of a class". 375 Mich at 236. More akin to the situation before us is that found in *Seltzer v Sterling Township,* 371 Mich 214; 123 NW2d 722 (1963). *Seltzer* upheld an ordinance that required that all connections to a water system after a certain date be charged a fee, and the court in *Beauty Built* approved this as an instance of a cutoff date that was not arbitrary.

We find Rule 4116.5 likewise not to be so unreasonable or arbitrary so as to constitute a denial of equal protection. The trial court found that, since 1962, an overwhelming majority of prospective administrators (all but 2 of a total of 61 hired) were notified of the informal residency rule prior to their appointments. Those hired after July, 1962 knew what was expected of them in terms of residence. The allowance made for a certain few administrators can be explained as coming from a desire to accommodate the interests of those administrators who had established themselves outside the district before the policy of in-district administrators was brought up. It may be true that to include within Rule 4116.5's residency requirements those administrators who now benefit from the grandfather clause would further the intended purpose of the rule. However, plaintiffs must show more than this to be successful in their

challenge. They must show that the rule extends a privilege to "an arbitrary or unreasonable class", *Alexander v Detroit,* 392 Mich 30, 36; 219 NW2d 41 (1974), and that there is no conceivable set of facts that can justify the distinction made in the rule. *Foreman v Oakland County Treasurer,* 57 Mich App 231; 226 NW2d 67 (1974). This has not been done. We are unwilling to say that the rule's cutoff date is wholly without supporting reason.

Affirmed. Costs to defendants.