Hester **MAGGETT** et al.,
Plaintiffs-Appellees,

v.

Nicholas **NORTON**,
Defendant-Appellant.

No. 806, Docket 74–2670.

United States Court of Appeals,
Second Circuit.

Argued April 10, 1975.

Decided June 30, 1975.

---

**600**

Francis J. MacGregor, Asst. Atty. Gen., Hartford, Conn. (Carl R. Agello, Atty. Gen., Hartford, Conn., of counsel), for defendant-appellant.

Mary R. Hennessey, Hartford, Conn. (Barry S. Zitser, Hartford, Conn., of counsel), for plaintiffs-appellees.

Before HAYS, GURFEIN and VAN GRAAFEILAND, Circuit Judges.

GURFEIN, Circuit Judge:

Appellees filed suit under 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3), asserting that the procedures used by the Connecticut State Welfare Department to redetermine appellees' eligibility for benefits under the state's Aid to Families with Dependent Children Program (AFDC) deprived appellees of procedural due process rights guaranteed by the fourteenth amendment. A single district judge conducted a hearing and thereafter held that the Department's procedures were constitutionally inadequate, ordering appellant Commissioner to correct them. We are constrained to reverse and remand for consideration by a three-judge court.

The federal Department of Health, Education and Welfare (HEW) requires each state conducting AFDC programs to redetermine the eligibility of AFDC recipients every six months as a precondition to continued federal participation in the program. 45 C.F.R. 206.-10(a)(9)(iii). In response to notification from HEW that the error rate for recipients in Connecticut exceeded permissible limits, the Connecticut State Welfare Department in early 1974 instituted new procedures for redetermination of eligibility. These procedures were not promulgated as regulations, but were instituted on a statewide basis by means of an internal Department document entitled "Procedures for Redetermination of Eligibility in AFDC."

The previous procedure used to redetermine eligibility had been a telephone interview initiated by the Department. The new procedure established by the Commissioner is a face-to-face interview. The procedure provides that recipients are to be notified approximately twelve days before the interview is scheduled. If a recipient fails to appear for the interview, he is to be notified that the Department intends to discontinue his benefit payment effective on the date he is to receive his next check. He is also to be told that he has a right to seek an evidentiary hearing within ten days from the mailing of the notice of discontinuance. If he fails to respond in some manner to the notice of discontinuance,

the recipient is to be discontinued on the specified date.

On April 1 and May 15, 1974, the Department mailed a flyer describing the new procedures for redetermination to all AFDC recipients along with their AFDC checks. Thereafter, at least twelve days before the date set for the face-to-face interview, the Department mailed notice of the time and place of the interview to each recipient at the address to which the last AFDC check had been sent. The district court found that despite the Department's efforts to notify recipients of the change in procedures, many recipients entitled to benefits failed to appear for their interviews and failed to respond to the notice of discontinuance, resulting in "a *high* percentage of erroneous terminations." (Emphasis added.) Appellees are among those terminated; each asserts that she received no notice of the impending interview.[1]

Appellees filed suit in September 1974, seeking both declaratory relief and an injunction against the enforcement of the Welfare Department's procedures. Shortly thereafter, appellees moved for a preliminary injunction, class action determination and the convening of a three-judge court, each of which had been requested in the complaint. The District Court held a hearing on the motions in late September. On November 5, the court granted the motion for a preliminary injunction, but did not decide the other two motions. On November 20, the court issued an order to implement the preliminary injunction, requiring the Commissioner to use *certified* mail to notify those AFDC recipients who failed to respond to the interview notice. Upon a motion by the Commissioner, the District Court on December 13 modified its order to deem the hearing a trial on the merits and to substitute a permanent injunction for the pre-liminary injunction. The Commissioner then appealed to this court.

On appeal, both parties contend that there was no need for the District Court to convene a three-judge court, despite the fact that an order was issued enjoining the enforcement of an administrative policy of statewide application on the ground of its unconstitutionality. Each puts forth an argument that is the mirror image of the other's argument. Appellees assert that under Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1969), the Department's procedures are so clearly inadequate that a single judge may issue an injunction. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1969) (per curiam). Appellants assert that appellees' claims are so clearly frivolous that a single judge may dismiss the complaint. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933) (per curiam). Unfortunately, the parties may not agree, even in such an unorthodox fashion, to waive the jurisdictional requirements of 28 U.S.C. § 2281. Inasmuch as we find the constitutional question presented neither predetermined nor insubstantial, we are constrained to remand to the District Court so that a three-judge court may be convened. See Nieves v. Oswald, 477 F.2d 1109, 1115 (2 Cir. 1973); Taylor v. Smith, 461 F.2d 659 (9 Cir. 1972).

In Goldberg v. Kelly, *supra*, the Supreme Court held that the State of New York could not terminate the cases of AFDC recipients without first providing them with a fair hearing preceded by adequate notice of the hearing and of the reasons for termination. 397 U.S. at 267–68, 90 S.Ct. at 1020. Clearly, *Goldberg* is highly relevant to the issue in the instant case. It is not, however, so controlling as to "make frivolous any claim that a state statute on its face is not unconstitutional." Bailey v. Patterson, *supra*, 369 U.S. at 33, 82 S.Ct. at

---

1. Appellee Maggett claims that she received no notice whatsoever before being terminated by the Department. Appellee Maxwell claims that she received only the last notice of discontinuance and was unable to secure a hearing despite the fact that she appeared at the District Office as soon as she had received that notice. Appellee Hill claims that she received a notice of discontinuance, but no notice of the face-to-face hearing.

551. Here, the mandated state procedures provide for a pretermination interview and, if requested, an evidentiary hearing. They also provide for notice to the affected recipients. On their face, the procedures are not clearly unconstitutional.

On the other hand, appellees' argument that the notification procedures are constitutionally inadequate is not insubstantial under the standards established by the Supreme Court, In Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973), and more recently in Hagans v. Lavine, 415 U.S. 528, 537–39, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974),[2] the Court has reiterated that "claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous." 409 U.S. at 518, 93 S.Ct. at 859; 415 U.S. at 537–38, 94 S.Ct. at 1379. Constitutional claims have been dismissed by single judges under this standard only in very limited circumstances. See, e. g., Rubino v. Ghezzi, 512 F.2d 431 (2 Cir. 1974), petition for cert. filed, 43 U.S.L.W. 3636 (U.S. May 22, 1975); Agur v. Wilson, 498 F.2d 961, 965 (2 Cir. 1974); Gates v. Collier, 501 F.2d 1291, 1298 (5 Cir. 1974). When existing precedent is not directly on the point but is close enough to indicate that a highly similar issue has been considered substantial in the past, courts have not hesitated to hold that a three-judge court must be convened. Goosby v. Osser, supra; Rosenthal v. Board of Education, 497 F.2d 726 (2 Cir. 1974).

■ In the instant case, the District Court pointed out that the issue is not the adequacy of the form of notice, but the adequacy of notice procedures themselves. The court found that Connecticut erroneously presumes that failure to appear for an interview or to respond to the notice of discontinuance itself indicates actual receipt of notice and waiver of the claim to continued eligibility. It ordered the Commissioner to institute

procedures that would determine whether or not notice had actually been received. We hold that the adequacy of the Department's procedures to provide actual notice to AFDC recipients presents a constitutional question that is sufficiently substantial as a variant of Goldberg v. Kelly, supra, to require the convening of a three-judge district court.

■ Since the parties concede that Connecticut's policy is of statewide application, cf. Board of Regents v. New Left Education Project, 404 U.S. 541, 92 S.Ct. 652, 30 L.Ed.2d 697 (1972), the only issue remaining is whether the procedure adopted by the State can be considered an "order made by an administrative board or commission acting under State statutes" within the terms of 28 U.S.C. § 2281.

The Supreme Court has had little occasion to consider the scope of this phrase and so we must turn to the opinions of the lower federal courts for guidance. We find most helpful the opinion of the Fifth Circuit in Sands v. Wainwright, 491 F.2d 417 (5 Cir. 1973) (en banc), where the court noted that the statutory reference to administrative orders is one of the few aspects of 28 U.S.C. § 2281 that has been construed liberally by the lower courts. Id. at 424. The springboard for interpretation has been Justice Frankfurter's dictum in Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941), to the effect that "[t]he crux of the business is procedural protection against an improvident statewide doom by a federal court of a state's legislative policy," which includes "the delegated legislation of an 'administrative board or commission.'" See id. at 251, 61 S.Ct. at 483. In Sands, the Fifth Circuit held that a challenge to the constitutional adequacy of standardized, statewide prison procedures, not necessarily embodied in published regulations and not necessarily adopted by a "board" or "commission," required the convening

2. *Hagans* did not involve the question whether the constitutional issue presented was substantial enough to require the immediate convening of a three-judge court, but rather whether it was substantial enough to provide a single-judge District Court with jurisdiction to determine pendent statutory claims before the constitutional issue was reached.

of a three-judge court. The court reasoned that if state officials adopt standard practices pursuant to statutory authority, the practices must be considered rules and regulations "as applied." 491 F.2d at 428.[3]

Our task here is somewhat less difficult than that facing the court in *Sands.* The procedures adopted by Connecticut State Welfare Department pursuant to the statutory authority vested in the Commissioner, while not embodied in formal regulations, have been promulgated statewide in written form to Department officials who administer the AFDC program. Clearly, they express the policy of the State of Connecticut. Their validity under the federal Constitution must, therefore, be determined by a three-judge court, even though the three-judge court statutes are technical enactments to be restrictively construed. See Nieves v. Oswald, *supra.* So long as Congress keeps the three-judge court statutes on the books, we see no escape from that conclusion in this case.

Appellees, however, may upon remand withdraw their claim for injunctive relief and stand upon their request for a declaratory judgment, in which case, appeal on the merits will lie directly to this court. We recommend that procedure as the panel did in Finnerty v. Cowen, 508 F.2d 979, 985–86 (2 Cir. 1974) (a challenge to a federal statute).[4]

Reversed and remanded for the convening of a three-judge court.

3. A Fifth Circuit panel has recently distinguished *Sands*, holding that when the constitutional attack is aimed at mere results of erroneous administrative action which do not amount to a required, standardized procedure a three-judge court is not required. Leonard v. Mississippi State Probation & Parole Board, 509 F.2d 820, 823 (5 Cir. 1975). Here the procedures are statewide and uniform and are indistinguishable from formal regulations.

4. We note that the language of the statutes mandating use of three-judge courts differs in the case of an attack upon a state statute, 28 U.S.C. § 2281, from the case of an attack upon a federal statute. 28 U.S.C. § 2282. Section 2281 deals with challenges to "an order made by an administrative board or commission acting under State statutes," but section 2282 has no comparable language. Compare Board of Regents v. New Left Education Project, *supra,* 404 U.S. at 542, 92 S.Ct. at 653; Nieves v. Oswald, *supra,* 477 F.2d at 1112 (three-judge court required under section 2281 when regulation of statewide application is challenged); with William Jameson & Co. v. Morgenthau, 307 U.S. 171, 173, 59 S.Ct. 804, 83 L.Ed. 1189 (1939); Mills v. Richardson, 464 F.2d 995, 1000–01 (2 Cir. 1972); Sardino v. Federal Reserve Bank of New York, 361 F.2d 106, 114–15 (2 Cir.), cert. denied, 385 U.S. 898, 87 S.Ct. 203, 17 L.Ed.2d 130 (1966) (three-judge court not required under section 2282 when federal administrative regulation or order is challenged).