Jose CORDOVA and Amelia Cordova, Individually and as next friend of Hector Torres, a minor, and on behalf of all other persons similarly situated, Plaintiffs-Appellants,

v.

James REED, as Commissioner of the Department of Social Services of the County of Monroe, and on behalf of all other commissioners of local departments of social services in the State of New York, and Abe Lavine, as Commissioner of the Department of Social Services of the State of New York, Defendants-Appellees.

No. 1063, Docket 75–7120.

United States Court of Appeals, Second Circuit.

Argued June 19, 1975.

Decided Aug. 7, 1975.

Rene H. Reixach, Jr., Greater Up-State Law Project, Monroe County Legal Assistance Corp., Rochester, N. Y. (Daan Braveman, Rochester, N. Y., on the brief), for plaintiffs-appellants.

David L. Birch, Deputy Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for defendant-appellee, State Commissioner Lavine.

Before LUMBARD, GIBBONS,* and GURFEIN, Circuit Judges.

GURFEIN, Circuit Judge:

Appellants Jose Cordova and Amelia Cordova filed suit on their own behalf and as next friend of Hector Torres, a minor, in the District Court for the Western District of New York under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) challenging the validity of Section 382, subd. 1 of the New York Social Services Law, a statute of statewide application, set forth herein. They sought an injunction against enforcement of the statute and a declaratory judgment that it is unconstitutional. Judge Burke dismissed their complaint for failure to exhaust state administrative and judicial remedies.

Hector Torres, a seven-year old child, was sent by his mother from Puerto Rico to live with appellants, his aunt and uncle in Rochester, New York. The Cordovas accepted Hector into their home. They applied to the Monroe County Department of Social Services (the County Department) for public assistance under the Aid to Families with Dependent Children (AFDC) program, 42 U.S.C. § 601 et seq. The County Department rejected the application, primarily on the ground that "[b]y accepting and receiving Hector Torres into their home the Codovas [sic] have accepted the responsibility for his care and maintenance."

County Department officials based their decision on their interpretation of a New York statute, Social Services Law § 382, subd. 1 (McKinney 1966), which reads as follows:

"Any person, institution, corporation or agency which shall bring, or cause to be brought, into the state of New York any child not having a state residence, or which shall receive or accept any child from outside of the state of New York, not having state residence, shall be responsible for the care and maintenance of such child whether placed out, boarded out or otherwise cared for unless adopted by foster parents. Such responsibility shall continue during the minority of such child and thereafter until he is self-supporting."

Appellants received notice of the County Department decision in late September 1974. They were offered a State Fair Hearing to review the decision, but the hearing was cancelled at their request. Two weeks later, on October 29, 1974, the Cordovas filed this complaint on their own behalf, as next friend to Hector Torres, and on behalf of others similarly situated asserting as their sole claim that Section 382, subd. 1 was unconstitutional as a violation of equal protection and a burden on the right to travel. Appellants sought to have the Commissioner of the County Department and the Commissioner of the State's Department of Social Services enjoined from enforcing Section 382, subd. 1 and also asked that the court declare the statute unconstitutional. They did not allege that the statute was inapplicable to them, nor did they allege that the statute contradicted the Social Security Act and federal regulations. The State, on the other hand, has refused to take a position on whether the statute is, in any event, applicable in the area of public welfare.

The District Court dismissed the complaint on the ground that appellants had not pursued and exhausted their available state administrative and judicial remedies.[1]

---

* Of the United States Court of Appeals for the Third Circuit, sitting by designation.

1. Our power to resolve appellee's abstention claim is not altogether clear in light of our holding in this opinion on the substantiality of appellants' constitutional claim, combined with the continuing technical vitality of *Idlewild Bon Voyage Liquor Corp. v. Epstein,* 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); see *New York State Waterways Ass'n Inc. v. Diamond,* 469 F.2d 419, 423 (2 Cir. 1972). We think, however, that *Idlewild* is of doubtful validity after *MTM, Inc. v. Baxley,* 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975) (per curiam); see id. at 805–07, 95 S.Ct. at 1282–83 (White, J., concurring), and believe that we inferentially have the power to decide the

■ At least since the Supreme Court's seminal ruling in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), it has been clear that a plaintiff need not exhaust state judicial remedies before proceeding in the federal court under 42 U.S.C. § 1983. The Court has recently reiterated that rule. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 n. 21, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). Moreover, during the past few years, the Court has intimated that state administrative remedies may also be bypassed when suit is brought under Section 1983. See *Ellis v. Dyson*, 421 U.S. 426, 95 S.Ct. 1691, 44 L.Ed.2d 274 (1975); *Steffel v. Thompson*, 415 U.S. 452, 472–73, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *Wilwording v. Swenson*, 404 U.S. 249, 251–52, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); *King v. Smith*, 392 U.S. 309, 312 n. 4, 88 S.Ct. 2128, 20 L.Ed. 1118 (1968); *Damico v. California*, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967) (per curiam). In the absence of a definitive holding, however, this Circuit has not abandoned the rule of *Eisen v. Eastman*, 421 F.2d 560 (2 Cir. 1969), *cert. denied*, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970), requiring exhaustion of administrative remedies in certain sit-' uations. See *Fuentes v. Roher*, 519 F.2d 379, 386–87 (2 Cir. 1975); *Plano v. Baker*, 504 F.2d 595, 597 (2 Cir. 1974).

■ We have, nevertheless, continued to apply exceptions to the *Eisen* rule, some of which were noted in that opinion. Exhaustion is not required, as here, when a plaintiff's sole challenge is to the constitutionality of a state statute and the claim is sufficiently substantial to require convening of a three-judge court. *King v. Smith, supra*, 392 U.S. at 312 n. 4, 88 S.Ct. at 2131 n. 4; *Eisen v. East-*

*man, supra*, 421 F.2d at 569; *Finnerty v. Cowen*, 508 F.2d 979, 982 (2 Cir. 1974).

■ In this case, the complaint filed by plaintiffs questioned only the constitutionality of Section 382, subd. 1 and asked the District Court to convene a three-judge court. It stated facts sufficient to indicate that such action was required under 28 U.S.C. § 2281, in that it sought an injunction against enforcement of a state statute of statewide application on constitutional grounds which are substantial enough to require the convening of a three-judge court. *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973); see *Maggett v. Norton*, 519 F.2d 599, 602 (2 Cir. 1975).

■ Statutes setting forth a residency test as a precondition to receipt of public assistance or other public services have been declared unconstitutional in several contexts as a violation of the right to travel. *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *Graham v. Richardson*, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); *Memorial Hospital v. Maricopa County*, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974). Section 382, subd. 1 does not apply a residency test *per se*, but it achieves a similar result if interpreted to deny AFDC benefits for the care of children who have traveled into the state. It is also contended that the statute denies equal protection to families similarly situated depending on whether or not the child has been brought into the state. Whether the statute can survive a constitutional challenge is a substantial federal question for consideration by a three-judge court, and the complaint should not have been dismissed.

question of abstention ourselves, since the matter would now come to us on appeal rather than to the Supreme Court.

Abstention does, however, impose a serious hardship on the litigants, who must endure the slow progression of their case through federal, state and (possibly once more) federal courts before it comes to rest. This is particularly true where, as here, the issues vitally affect the parties' livelihood. The Supreme Court has held that "abstention must be invoked

only in 'special circumstances,' see *Zwickler v. Koota*, 389 U.S. 241, 248 [88 S.Ct. 391, 395, 19 L.Ed.2d 444] (1967), and upon careful consideration of the facts of each case." *Harris County Commissioners Court v. Moore*, 420 U.S. 77, 83, 95 S.Ct. 870, 875, 43 L.Ed.2d 32 (1975). Abstention may be appropriate when a statute is ambiguous and, because of its subject matter, is particularly amenable to state court construction so as to avoid the constitutional question. *Id.* at 84, 95 S.Ct. at 875–76.

In remanding the case to the District Court, we must take note of an additional matter arising under the Supremacy Clause. Although plaintiffs' complaint raises only a constitutional challenge and nothing else, our own research has suggested that there may be a substantial question whether federal regulations governing AFDC eligibility determinations permit the state to deny benefits to appellants on the basis of Section 382, subd. 1. Applicable federal regulations seem to indicate that the Cordovas' income cannot be considered in determining Hector's eligibility for benefits. 45 C.F.R. § 233.90(a); see also id. §§ 233.90(b)(4)(ii); 233.90(c)(i), (iii) and (v). Yet, Hector appears to have been found ineligible on the ground that Section 382, subd. 1 of the New York Social Services Law makes the Cordovas legally responsible for Hector and requires that the Cordova family situation and income be used to determine whether Hector qualifies for assistance under the AFDC program. There is a question, therefore, whether Section 382, subd. 1 as applied in this case can stand under the Supremacy Clause. U.S.Const. Art. VI, cl. 2. See *King v. Smith, supra*; *Van Lare v. Hurley*, 421 U.S. 338, 95 S.Ct. 1741, 44 L.Ed.2d 208 (1975). Such a question is deemed a "statutory" issue and may be resolved by a single judge before a three-judge court need be convened. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Swift & Co. v. Wickham*, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).

■ Important federal court policy considerations militate against convening three-judge courts to consider invalidating state statutes on constitutional grounds where "a dispositive nonconstitutional ground" may be found. *Hagans v. Lavine, supra*, 415 U.S. at 547, 94 S.Ct. at 1384. Mindful of these considerations, we suggest that the District Court on remand give appellants leave to amend their complaint to raise these statutory issues. If plaintiffs proceed in this manner, resolution of the statutory claims, pendent on the substantial constitutional claims noted above, may obviate the need for a three-judge court.

■ We reject the Commissioner's suggestion that we order abstention to permit the state courts to determine the applicability of the statute to bar Hector from receiving AFDC benefits.

Several reasons prompt us to decide against abstention: (1) State court construction would be academic if the section were invalid, in any event, because of the Supremacy Clause; (2) we are dealing with an apparently marginal subsistence case and speed of disposition is important; (3) the Commissioner, on advice of the Attorney General, may terminate the proceeding if he acknowledges that the statute is inapplicable. If he does not, the District Court may properly consider the applicability of the statute, as well as its validity under the Supremacy Clause upon a proper amendment of the complaint, before convening a three-judge court.

Reversed and remanded.