Lucy STONE, Plaintiff-Appellee,

v.

Wilbur J. SCHMIDT et al., Defendants-Appellants.

Nos. 75–1952, 76–1155.

United States Court of Appeals, Seventh Circuit.

Argued April 13, 1976.

Decided April 20, 1976.*

---

* This appeal was originally decided by an unpublished order pursuant to Circuit Rule 28. The panel deciding the case has subsequently decided to issue it as an opinion of the court.

Robert D. Repasky, Asst. Atty. Gen., Madison, Wis., for defendants-appellants.

Richard J. Lipson, Madison, Wis., for plaintiff-appellee.

Before CASTLE, Senior Circuit Judge, and SWYGERT and CUMMINGS, Circuit Judges.

PER CURIAM.

Section 4.13 of the Manual of Adult Institution Procedures for the State of Wisconsin requires an adult inmate of a state correctional institution to execute a written authorization allowing correctional officials to open and inspect all mail addressed to the inmate as a condition precedent to its receipt. Plaintiff, an inmate of the Wisconsin Home for Women, brought suit in federal district court seeking to enjoin the enforcement of section 4.13 on the ground that it violates the first amendment to the United States Constitution. Defendants, various officials responsible for the administration of the state correctional system, argued that 28 U.S.C. § 2281 required the convening of a three-judge district court. The district court postponed the jurisdictional question until after the hearing on the application for a preliminary injunction. The court subsequently granted the preliminary injunction against the regulation and then held that although the challenged regulation is of statewide applicability, 28 U.S.C. § 2281 did not mandate the convening of a three-judge district court. We hold that a three-judge court was required to hear plaintiff's challenge against MAIP § 4.13 and therefore the district court lacked jurisdiction over the suit. We therefore reverse and remand for the convening of a three-judge court.

Plaintiff first insists that MAIP § 4.13 is not an order of an administrative board or commission within the meaning of those terms in 28 U.S.C. § 2281. Plaintiff argues that the challenged regulation is "informal" in nature, "published in an unpublished manual," and was promulgated pursuant to general statutes "which neither compel nor prohibit its promulgation," and thus does not possess sufficient "dignity" to fall within the ambit of section 2281. Plaintiff maintains the informal method by which it was promulgated (i. e., the absence of formal statutory rule-making procedures and requirements) undermines its status as an "order of an administrative board or commission" under section 2281.

Even assuming that plaintiff's above characterizations of the regulation and method of its promulgation are accurate, we nevertheless believe that the convening of a three-judge district court was required. The Fifth Circuit, confronted by very similar "informal" prison regulations not embodied in "published" regulations, nonetheless ordered the empaneling of a three-judge court. *Sands v. Wainwright*, 491 F.2d 417, 428 (5th Cir. 1973) (en banc), *cert. denied, Guajardo v. Estelle*, 416 U.S. 992, 94 S.Ct. 2403, 40 L.Ed.2d 771 (1974). And the Second Circuit recently held that a constitutional challenge to state regulations required a three-judge court even though the regulations were "informal." *Maggett v. Norton*, 519 F.2d 599, 600–01 (2d Cir. 1975). A three-judge court was mandated by section 2281 because, as the court stated, the

regulations "while not embodied in formal regulations, have been promulgated statewide in written form to Department officials," and "express the policy of the State." *Id.* at 603. Cf. *Leonard v. Mississippi State Probation & Parole Board*, 509 F.2d 820, 823 (5th Cir. 1975), *cert. denied*, 419 U.S. 301, 96 S.Ct. 428, 42 L.Ed.2d 465 (1975). The same is true here. In light of *Sands* and *Maggett* and the policy behind section 2281 (see *Phillips v. United States*, 312 U.S. 246, 251, 61 S.Ct. 480, 483, 85 L.Ed. 800, 805 (1941) (Frankfurter, J., concurring)), we are of the opinion that MAIP § 4.13 clearly falls within the ambit of "an order made by an administrative board or commission" under section 2281.

Although the district court found that the MAIP was of statewide applicability, plaintiff argues to the contrary. Plaintiff maintains that because the MAIP applies only to *adult* correctional institutions and not to *juvenile* correctional institutions, the MAIP was not of statewide applicability, citing *Board of Regents v. New Left Educational Project*, 404 U.S. 541, 92 S.Ct. 652, 30 L.Ed.2d 1697 (1972). Plaintiff reads too much into *New Left*. The fact that the MAIP does not apply to *every* incarcerated individual in Wisconsin does not remove it from the ambit of section 2281. *Nieves v. Oswald*, 477 F.2d 1109, 1114 (2d Cir. 1973), *cert. denied, Averitt v. U. S.*, 414 U.S. 851, 94 S.Ct. 144, 38 L.Ed.2d 100 (1973). Since the MAIP applies to all adult inmates of all adult correctional institutions, the district court correctly found that it was of statewide applicability.[1]

We accordingly hold that plaintiff's constitutional challenge to MAIP § 4.13 involves subject matter which may only be entertained by a three-judge district court pursuant to 28 U.S.C. § 2281. We reverse the judgment of the district court and remand for the convening of a three-judge court.

REVERSED and REMANDED.

1. This same reasoning applies to plaintiff's contention concerning the MAIP's application to felons but not misdemeanants.