Barbara J. MILLER et al., Plaintiffs,

v.

Edmund J. KRAWCZYK, Individually and as a member of The Milwaukee County Civil Service Commission, et al., Defendants.

No. 74–C–239.

United States District Court,
E. D. Wisconsin.

May 14, 1976.

David L. Walther, Walther & Halling, Milwaukee, Wis., for plaintiffs.

James J. Bonifas, Deputy Corp. Counsel, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is an action whereby the plaintiffs named above, on behalf of themselves and a class of persons similarly situated, seek to obtain declaratory and injunctive relief to prohibit implementation of various rules

and a resolution of the Milwaukee County Civil Service Commission whereby employees in the classified service of the county are required to reside within the county during the period of their employment.

Pursuant to broad statutory authority granted by § 63.01 *et seq.* of the Wisconsin Statutes, the Milwaukee County Civil Service Commission has enacted certain rules denominated Rule II, S.2(2) and Rule VII, S.4(1)(rr) of the Civil Service Rules of Milwaukee County Government. These rules provide as follows:

"Rule II, Section 2—RESIDENCE.

(2) Employees in the county's classified service must reside in said county during the period of their employment except that persons holding positions with the following job titles may reside in any of the following counties: Milwaukee, Racine, Kenosha, Walworth, Waukesha, Washington and Ozaukee." [A list of exempt positions follows]

"Rule VII, Section 4—CAUSES FOR SUSPENSION, DEMOTION OR DISCHARGE.

(1) The following are declared to be cause for suspension, demotion, or discharge of any officer or employee from the classified service of the County of Milwaukee, though charges may be based upon causes and complaints other than those here enumerated, namely:

\*  \*  \*  \*  \*  \*

"(rr) Removal of permanent residence to some place outside of Milwaukee County, except as specifically authorized by the Commission or failure to establish permanent residence in Milwaukee County within the time limited by the Commission."

To implement the foregoing rules, the Commission approved a resolution on May 20, 1974 stating that:

"All persons residing outside of Milwaukee County without authorization of the Civil Service Commission must move into Milwaukee County before June 20, 1974, or be subject to dismissal from the county service."

The named plaintiffs are current county employees who reside outside of Milwaukee County or who desire to reside outside Milwaukee County; they purport to represent a class of county employees who now reside or desire to reside outside of Milwaukee County, and who will be subject to the foregoing rules and resolution.

The defendants are members of the Milwaukee County Civil Service Commission who are allegedly responsible for adopting, promulgating and enforcing the rules and resolution described above; they are sued individually and as members of the Commission.

Jurisdiction exists pursuant to the provisions of 28 U.S.C. § 1343 because it is claimed that the plaintiffs are persons who have been deprived of rights, privileges and immunities secured by the Constitution and laws of the United States as a result of conduct undertaken by the defendants under color of state law, all within the meaning of 42 U.S.C. § 1983.

On January 16, 1975 a memorandum opinion and order was entered by this Court wherein the following matters were resolved: a motion for preliminary injunctive relief that had been filed on behalf of the plaintiffs was not granted because, at a hearing held prior to that date, counsel for the defendants had agreed to voluntarily suspend the enforcement of the questioned rules and regulation pending decision on the merits of this suit; a motion for dismissal for failure to state a claim upon which relief could be granted, filed on behalf of the defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, was denied; and the requirement of convening a three-judge court under 28 U.S.C. §§ 2281 and 2284 was considered, the Court then concluding that it was empowered to proceed to deal with the merits of this action as a single district judge.

On June 24, 1975 a motion for summary judgment was filed on behalf of the plaintiffs pursuant to Rule 56 of the Federal Rules of Civil Procedure, based upon the pleadings and exhibits on file and upon an attached affidavit of one David L. Walther.

On July 17, 1975 a similar cross-motion for summary judgment was filed on behalf of the defendants, based upon the pleadings and documents on file and upon attached affidavits of Anthony P. Romano, Arthur Silverman and Kenneth E. Deal.

■ As indicated in the memorandum opinion of January 16, 1975, this Court will decline to request that a three-judge court be convened to hear the merits of this case. The lack of state-wide significance of the rules and resolution in question here negates the conclusion that they are state statutes or administrative orders within the meaning of 28 U.S.C. § 2281. *Compare: Sands v. Wainwright,* 491 F.2d 417 (5th Cir. en banc), *cert. denied,* 416 U.S. 992, 94 S.Ct. 2403, 40 L.Ed.2d 771 (1974); *Maggett v. Norton,* 519 F.2d 599 (2d Cir. 1975), and *Stone v. Schmidt,* 534 F.2d 766 (7th Cir. 1976).

Having duly considered the record in this matter, and for the reasons set out in the following portions of this opinion, the Court determines that the named plaintiffs may not proceed on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure, that no declaratory or permanent injunctive relief is warranted, and that summary judgment is to be entered in favor of the defendants. This memorandum opinion is to constitute final findings of fact and conclusions of law.

## I.

The Court would first investigate the propriety of permitting the named plaintiffs to proceed on behalf of a class of persons similarly situated.

■ It is generally thought that a district court has broad discretion in deciding whether a particular suit may be maintained as a class action. *See:* 7A Wright & Miller, Federal Practice and Procedure: Civil § 1785 at note 69 (1972 ed.). As a matter of law the proposed class of persons must be capable of definition, and must also satisfy the requirements of Rule 23(a) and come within one of the subparts of Rule 23(b) of the Federal Rules of Civil Proce-

dure. *See, e. g., Kriger v. European Health Spa, Inc.,* 56 F.R.D. 104, 105 (E.D.Wis.1972), *citing Thomas v. Clarke,* 54 F.R.D. 245, 248 (D.Minn.1971).

■ In the case at bar, counsel for the plaintiff allege at paragraph 13 of the complaint that members of this proposed class include ". . . all employees in the Milwaukee County classified service who presently reside or desire to reside outside of Milwaukee County and who are or will be subject to dismissal from the County service as a result of the rules and resolution of the defendants . . ."

The Court is of the opinion that the foregoing description of the would-be class is too ambiguous to permit class certification. The Court must speculate which persons in the employ of the county "desire" to reside beyond the county borders; the Court must further speculate which of these persons "are or will be subject to dismissal" from employment as a result of the questioned ordinances. This the Court will not do.

■ Where class identification is inherently nonspecific, leave to proceed as a class may be denied to individual parties. *See, e. g., Conway v. City of Kenosha,* 409 F.Supp. 344 (E.D.Wis., 1975). The Court would exercise its discretion to deny class status here. *See generally,* 7 Wright & Miller, Federal Practice and Procedure: Civil § 1760 (1972 ed.).

## II.

Counsel for the plaintiffs argue that various fundamental freedoms guaranteed by the United States Constitution are presently at issue such that a compelling state interest must be demonstrated by the defendants if the rules and resolution are to be sustained. These alleged fundamental freedoms include the right to travel intrastate and/or interstate, the right to live where one chooses, and the right to public employment.

■ It is apparent that, if fundamental rights are actually penalized by these particular county regulations, the regulations may not be upheld unless a compelling governmental interest can be ascertained. *See,*

*e. g., Shapiro v. Thompson,* 394 U.S. 618, 634, 89 S.Ct. 1322, 1331, 22 L.Ed.2d 600, 614–15 (1969). The Court is of the opinion, however, that no such fundamental rights have been impaired.

In a most recent decision, the United States Supreme Court has indicated that a municipal regulation requiring employees of the City of Philadelphia to be residents of that city does not infringe upon any constitutionally recognized right to interstate travel. *See: McCarthy v. Philadelphia Civil Service Commission,* 424 U.S. 645, 96 S.Ct. 1154, 47 L.Ed.2d 366, 44 U.S.L.W. 3530 (1976). In affirming the opinion of the Commonwealth Court of Pennsylvania, 339 A.2d 634 (1975), and the unreported decision of the Pennsylvania Supreme Court to deny review, the Supreme Court spoke in extremely broad language:

> "In this case appellant [McCarthy] claims a constitutional right to be employed by the city of Philadelphia while he is living elsewhere. There is no support in our cases for such claim."

In reaching the foregoing result, most of the cases upon which counsel for the plaintiffs place principal reliance were distinguished. *Compare: Shapiro v. Thompson, supra; Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972), and *Memorial Hospital v. Maricopa County,* 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974).

■ This Court concludes that the decision in *McCarthy v. Philadelphia Civil Service Commission, supra,* is controlling here. No fundamental freedoms are infringed by the rules and resolution attacked in this suit; no compelling government interest in support thereof need by shown. *See too: Wright v. City of Jackson,* 506 F.2d 900 (5th Cir. 1975); *Abrahams v. Civil Service Commission,* 65 N.J. 61, 319 A.2d 483 (1974), and *Ector v. City of Torrence,* 10 Cal.3d 129, 109 Cal.Rptr. 849, 514 P.2d 433 (1973). *Compare: Krzewinski v. Kugler,* 338 F.Supp. 492 (D.N.J.1972).

### III.

Counsel for the plaintiffs assert that even if no fundamental freedoms are curtailed by the questioned rules and resolution, these ordinances must fall nonetheless; it is argued that because no rational basis supports the distinctions created by said ordinances, they stand in violation of the equal protection clause of the fourteenth amendment of the United States Constitution. The Court must disagree.

In the memorandum opinion entered on January 16, 1975, this Court indicated that it would decline to follow the traditional and rigid "two-tiered" approach to equal protection problems whereby a state-imposed distinction is sustained upon a showing of any rational basis, absent conflict with fundamental freedoms. A more flexible formula of analysis was adopted:

> ". . . [This] Court, in reaching its decision as to whether the statutes in question here do violate the plaintiffs' rights to Equal Protection under the law, will not speculate as to unexpressed permissible state interests in support of the challenged classifications, but will confine its inquiry to articulated or obvious objectives. Furthermore, the Court will not accept factually unsupported assumptions as evidence of the reasonableness of a challenged classification, and will demand that the classification bear a substantial or significant relation to the objectives it is claimed to further. *See, e. g., Women's Liberation Union of Rhode Island, Inc., et al. v. Israel,* 379 F.Supp. 44, cases cited at p. 49 (D.R.I., 1974); *see generally,* Gunther, 'The Supreme Court 1971 Term, Forward: In Search of Evolving Doctrine on a Changing Court: A Model for a Newer Equal Protection,' 86 Harv.L.Rev. 1 (1972)."

Having duly considered the briefs and affidavits submitted by all counsel in light of the foregoing standard, the Court determines that various substantial rational bases have been demonstrated to support the rules and resolution in question. No violation of the equal protection clause can be perceived.

A review of the several affidavits submitted in support of the cross-motion for

summary judgment filed on behalf of the defendants reveals many articulated or obvious objectives of these regulations. In fact, the Court is of the opinion that these rules clearly bear a substantial and significant relation to objectives they seek to foster.

■ It seems well settled that for purposes of the concept of equal protection, distinctions created by authority of a state may be rationally supported by financial considerations. *See, e. g., Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974). The record in this matter is replete with evidence that the local rules requiring employees of Milwaukee County to live within its borders are supported by substantial financial bases.

The affidavit of Anthony P. Romano, Chief Examiner for the Milwaukee County Civil Service Commission, discloses that the questioned residency rules increase monetary distributions from the State of Wisconsin to the county and the municipalities within the county pursuant to the Municipal and County Shared Tax Account plan established by chapter 79 of the Wisconsin Statutes. Furthermore, the allocation of funds from Federal revenue sharing is determined in accordance with a rather complex formula hinging, in part, on the population attributable to a particular county government. Also, Mr. Romano notes that salaries received by county employees from local tax dollars are returned to the local economy when county employees are required to reside within the county employing them.

The affidavits of Arthur Silverman, director of the Milwaukee County Department of Public Welfare, and Kenneth E. Deal, Work Experience and Training Projects Director for Milwaukee County, both disclose that the burden on the county welfare system and minority employment programs is substantially lessened by regulations which require county jobs to go to county residents. The Court is of the opinion that these are also legitimate financial considerations.

In addition to the foregoing, various other substantial rational bases for the questioned rules are evidenced by the Romano, Silverman and Deal affidavits; these include stimulation of employee pride and concern in local events, reduction of tardiness and absenteeism among county employees, and most importantly, encouragement of integration of minorities into the local work force by limiting competition for county employment to county residents. The latter of these elements appears to be of obvious significance in view of the fact that the Board of City Service Commissioners of the City of Milwaukee is presently hiring minority personnel pursuant to quotas established by a preliminary injunctive decree entered by Chief Judge Reynolds of this court on February 3, 1975. *See: Crockett v. Green,* 388 F.Supp. 912 (E.D. Wis., 1975), *aff'd,* 534 F.2d 715 (7th Cir. 1976).

The Court concludes that clear and apparent substantial rational bases support the rules and resolution now at issue. In light of this fact, the Court can ascertain no breach of equal protection as guaranteed by the fourteenth amendment to the United States Constitution. *See, e. g., Detroit Police Officers Assn. v. City of Detroit,* 385 Mich. 519, 190 N.W.2d 97 (1971), *appeal dismissed for want of substantial federal question,* 405 U.S. 950, 92 S.Ct. 1173, 31 L.Ed.2d 227 (1972); *see too, Ahern v. Murphy,* 457 F.2d 363 (7th Cir. 1972); *Ector v. City of Torrence, supra,* 514 P.2d at p. 436, *as cited in Abrahams v. Civil Service Commission, supra,* 319 A.2d at p. 489 [various governmental purposes of similar residency statute set out]; and *Park v. Lansing School District,* 62 Mich.App. 397, 233 N.W.2d 592 (Mich.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1494, 47 L.Ed.2d 754, 44 U.S.L.W. 3545 (order entered March 29, 1976). *Compare: Hanson v. Unified School District No. 500, etc.,* 364 F.Supp. 330 (D.Kan., 1973), and *Fraternal Order of Police, etc. v. Hunter,* 36 Ohio Misc. 103, 303 N.E.2d 103 (1973), *cert. denied,* 424 U.S. 977, 96 S.Ct. 1484, 47 L.Ed.2d 748, 44 U.S.L.W. 3532 (1976).

## IV.

After due consideration of the petition of each party, as set out in the thorough briefs and documents that constitute the written record in this action to date, and as amplified by the oral argument heard, and for the reasons that are stated in the foregoing memorandum opinion,

THE COURT FINDS that the petition for leave to proceed as a class that has been made on behalf of the named plaintiffs must be and is hereby DENIED:

THE COURT FURTHER FINDS that no fundamental freedoms are curtailed by the rules and resolution at issue here such that no compelling state interests need be demonstrated in justification thereof;

THE COURT FURTHER FINDS that substantial articulated or obvious state objectives support the classifications engendered by the questioned rules and resolution, and that said rules bear a significant relation to the objectives they purport to further, all such that no violation of the equal protection clause in the fourteenth amendment to the United States Constitution is disclosed by the facts of this case;

THE COURT THEREFORE ORDERS that the plea for declaratory and permanent injunctive relief and summary judgment, filed on behalf of the plaintiffs named above, must be and are hereby DENIED;

THE COURT FURTHER ORDERS that the cross-motion for summary judgment, filed on behalf of the defendants, is hereby GRANTED as there remains no genuine issue of material fact and as these parties are entitled to judgment as a matter of law.

Each party is to bear his respective costs and attorneys fees in this case.