KENNETH J. BUKOWSKI, Corporation Counsel Brown County
You request my opinion whether teachers and other personnel employed by the Brown County Handicapped Children's Education Board (hereinafter HCEB) pursuant to section 115.86(5), Stats., are subject to section 4.103 of the Brown County Code of Ordinances adopted by the Brown County Board of Supervisors, which provides *Page 2 
in part: "All employees of Brown County must reside within the physical boundaries of the county."
It is my opinion that teachers and other personnel employed by HCEB are county employes and are subject to the residency requirement.
You further inquire whether the county board has the power to terminate HCEB employes who fail to comply with the residence requirement. The answer is no. Such power is within the power of the HCEB under the provisions of section 115.86(5). See 44 Op. Att'y Gen. 262 (1955). The county board may exercise indirect control with respect to retention of staff through budget approval procedures.
Section 115.82(2) permits a county board "to establish a special education program for children with exceptional needs, for school districts in the county." The program is supervised by a board appointed by the county board or county board chairman pursuant to section 115.86(3). Compensation and reimbursement for mileage of board members is fixed by the county board. Neither the "program" nor the "board" are entities separate from the county. Although the HCEB may apply for state aids, section 115.86(10) provides: "All state aid shall be paid to the county treasurer and credited to the fund of the board." Section 115.86(5) provides that the HCEB may "employ teachers and other personnel." However, such personnel are county employes paid from the county treasury under authority of a budget prepared by the HCEB board and approved by the county board. Section 115.86(5) provides:
 BOARD DUTIES. The board shall have charge of all matters pertaining to the organization, equipment, operation and maintenance of such programs and may do all things necessary to perform its functions, including, without restriction because of enumeration, the authority to erect buildings subject to county board approval and employ teachers and other personnel. The board shall prepare an annual budget which shall be subject to approval of the county board under s. 65.90 and shall include, without limitation because of enumeration, funds for the hiring of staff, the purchase of materials, supplies and equipment and the operation and maintenance of buildings or classrooms. *Page 3 
I construe the words "employ teachers and other personnel" as granting the HCEB power of appointment which includes power of removal. Appointment and removal may be limited by civil service provisions or labor contract. See secs. 59.07(20), 59.15(2)(d),59.21(8), 63.01-63.17 and 111.70-111.77, Stats. You advise that Brown County does not have a civil service ordinance applicable to these or other county positions.
A county may lawfully require as a condition of employment that employes reside within their territorial limits. McCarthy v.Philadelphia Civil Service Commission, 424 U.S. 645 (1976);Miller v. Krawczyk, 414 F. Supp. 998 (E.D. Wis. 1976).
In my opinion the provisions of section 59.15(2)(a) and (c) which, with exceptions, permit the county board to "establish regulations of employment for any person paid from the county treasury . . ." and section 59.025(3), which empowers the county board to create and abolish positions, coupled with the power of the county board to approve the annual budget of HCEB, including "funds for the hiring of staff" under section 115.86(5), represent an adequate basis for enactment of a reasonable ordinance requiring county employes to maintain residence within the county.
BCL:RJV