BEAUTY BUILT CONSTRUCTION CORPORATION
*v.* CITY OF WARREN.

1. MUNICIPAL CORPORATIONS—ORDINANCES—TAP-IN FEE FOR SEWERS
—FUTURE CONNECTIONS.
    Classification adopted in home-rule city ordinance and resolution
    whereby no sewer tap-in fee would be required as to structures
    in existence but not connected at time of adoption of ordinance
    but $200 or more tap-in fee would be charged for those there-
    after erected *held,* not a rational basis for distinguishing be-
    tween the future users, where both classes of users had paid ad
    valorem taxes prior to the adoption of the ordinance from
    which the original system had been constructed (US Const, Am
    14; Mich Const 1908, art 2, § 1; City of Warren Ordinance No
    58).

2. SAME—ORDINANCES—CLASSIFICATION.
    Classification of objects to which a municipal ordinance and res-
    olution may be made applicable must be based on natural dis-
    tinguishing characteristics and must bear a reasonable relation
    to their object (US Const, Am 14; Mich Const 1908, art 2, § 1).

3. SAME—ORDINANCES—CLASSIFICATION—EQUAL PROTECTION.
    A municipal ordinance and resolution which fail to include and
    affect alike all persons of the same class, and extend immu-
    nities or privileges to one part and deny them to others of like
    kind by unreasonable or arbitrary classification are contrary
    to the equal protection guarantees of the State and Federal
    Constitutions (US Const, Am 14; Mich Const 1908, art 2, § 1).

4. JUDGMENT—FEES PAID UNDER PROTEST—INTEREST.
    Judgment is ordered entered for amount determined to have
    been paid under protest by each plaintiff to defendant

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 16 Am Jur 2d, Constitutional Law § 494 *et seq.*
[4] 40 Am Jur, Payment §§ 180, 181.

city in 17 consolidated cases wherein such plaintiffs had sought recovery of sewer tap-in fees, together with interest until date of payment.

Appeal from Macomb; Noe (Alton H.), J. Submitted November 3, 1963. (Calendar Nos. 80–96, Docket Nos. 50,022–50,038.) Decided April 9, 1965. Rehearing denied May 13, 1965.

Bill by Beauty Built Construction Corporation, a Michigan corporation, and others against the City of Warren, municipal corporation, and others for the return of certain fees paid under protest. By stipulation, all cases consolidated and controlled by the decision in this case. Judgment for defendants. Plaintiffs appeal. Reversed and remanded for entry of judgment for plaintiff in each case.

*Irvin H. Yackness, James M. Ginn, Walter S. Nussbaum, Robert E. Childs, Richard D. Rohr,* and *Michael B. Lewiston* (*Bodman, Longley, Bogle, Armstrong & Dahling,* of counsel), for plaintiffs.

*Charles E. Carmody,* City Attorney, and *Miller, Canfield, Paddock & Stone* (*John H. Nunneley, Stratton S. Brown,* and *Robert E. Hammell,* of counsel), for defendants.

T. M. KAVANAGH, C. J. This is an appeal from the Macomb county circuit court by plaintiff Beauty Built Construction Corporation. By stipulation, an order of the trial court consolidated other cases,[1]

---

[1] Kaufman and Broad Building Company, a Michigan corporation; Sutherland Investment Company, a Michigan corporation, and Bloomfield Gardens Investment Company, a Michigan corporation, a joint venture known as American Quality Homes; Practical Home Builders, Inc., a Michigan corporation; Hickory Homes, Inc., a Michigan corporation; Audrey Homes, Inc., a Michigan corporation; Bentley Building Company, a Michigan corporation; Fullerton Home Builders, Inc., a Michigan corporation; Sandmar Homes, Inc., a Michigan corporation; Craftsman Construction Company, a Michigan cor-

each of which will be controlled by the decision in this case.

Plaintiff disputes the collection of a sewer tap fee by defendant city. The fee collected was $200 per residential unit constructed, such fee being required prior to connection with the city of Warren sewage treatment system. Payment of the fee has been conceded by all the parties to this controversy to be a payment under protest.

Plaintiff brought this action for declaratory judgment and injunctive order seeking relief against the city of Warren for money damages, allegedly resulting from a resolution adopted on January 13, 1959, by the defendant city, which provides as follows:

"Whereas, it is necessary and in the best interests of the citizens of the city of Warren that all future sewer taps, which will be utilizing and consuming the treatment facilities available in our sewage treatment plant, with the exception of structures existing of this date, be subject to a sewer tap charge hereinafter set forth:

"Now therefore, be it resolved, that all future sewer taps in the city of Warren shall be subject to the following sewer tap charge:

"Single residence ............ $200.00 each
Duplex, apartments and multi-
    ple dwellings ............ 200.00 per unit
Trailer parks .............. 200.00 per trailer
                                          unit

poration; Hillside Homes, Inc., a Michigan corporation; Suburban Living, Inc., a Michigan corporation; Bishop Construction Company, a Michigan corporation; Edward Rose and Sons, Inc., a Michigan corporation; Spacious Homes, a Michigan corporation; Suburban Living No. 2, Inc., a Michigan corporation; and Living Modes, Inc., a Michigan corporation, plaintiffs and appellants, v. city of Warren, a municipal corporation, et al., defendants and appellees—Supreme Court Docket Nos 50,022 through 50,034, 50,036 through 50,038.

"Commercial and industrial to be based upon size of water meter, as follows:

| | |
|---|---:|
| "5/8" meter | $ 200.00 |
| 3/4" | 240.00 |
| 1" | 320.00 |
| 1-1/2" | 480.00 |
| 2" | 640.00 |
| 3" | 960.00 |
| 4" | 1,280.00 |
| 6" | 1,920.00 |
| 8" | 2,550.00 |
| 10" | 3,200.00 |

"Be it further resolved, that *all structures presently existing in the city of Warren that have not yet been connected to the city's sewage facilities, are hereby excepted and will not be subject to the above rates.*

"Be it further resolved, that the water department of the city of Warren and any and all other departments concerned with the enforcement hereof be and are hereby instructed to take any and all steps necessary to give immediate effect to this resolution." (Emphasis supplied.)

The following additional facts are material to the decision in this case. The defendant city of Warren is a home-rule city incorporated in 1956. Prior to that time it had been a charter township. Warren township adopted an ordinance on May 14, 1946, under the revenue bond act of 1933[2] which provided for a combined system of water and sewage on a utility rate basis.

Thereafter improvements and extensions of the system were financed by the issuance of revenue bonds. Before 1959 all sewage from the sanitary system was disposed of through the facilities of the city of Detroit under contract. In 1955 the electors

[2] PA 1933, No 94. CL 1948 and CLS 1961, § 141.101 *et seq.* (Stat Ann 1958 Rev and Stat Ann 1961 Cum Supp § 5.2731 *et seq.*).— REPORTER.

of the then charter township of Warren approved a
$15,000,000 general obligation bond issue to finance
a sewage treatment plant for the charter township.
This plant has been built and in operation since
1959 and is now a part of the combined water and
sewer system of the city of Warren.

Outstanding bonds on this issue were then retired
by the required levies of ad valorem taxes on all
taxable property within the city. At the time the
sewage plant was constructed it was anticipated the
facility would be adequate until 1970 or for 120,000
people, but the unanticipated growth of the city
indicated extensions to the plant would be required
by 1964 or 1965.

In order to provide for the necessary sewage im-
provements, the city adopted the aforesaid resolu-
tion requiring sewer tap fees to be charged to all
*new buildings constructed* and connecting to the sys-
tem in the future.

On December 20, 1960, ordinance No 58.1 was
adopted by the city of Warren amending ordinance
No 58, for the purpose of having all revenues of
the combined system, including sewer tap fees, ac-
counted for in accordance with the requirements of
the revenue bond act.

Under ordinance No 58.1 all revenues of the com-
bined system, including the sewer tap fees, are first
deposited in a receiving fund from which revenues
are earmarked from time to time to a number of
funds, the order of which is established by the rev-
enue bond act.[3]

Plaintiff contends ordinance No 58.1 was adopted
for the ostensible purpose of bringing the revenues,
acquired by reason of collection of the tap charge
complained of, under the provisions of the revenue
bond act. Defendant contends the adoption of or-

---

[3] CL 1948, § 141.122 (Stat Ann 1958 Rev § 5.2752).—REPORTER.

dinance No 58.1 was "taken not to bring these revenues within the provisions of the revenue bond act" but rather "to reflect in the official minutes of council action what had already been accomplished in fact and in law by the mandatory terms of that act and previously adopted city and township ordinances."

The trial court found that under the amending ordinance, all revenues of the combined system, including the sewer tap fees, are first deposited in a receiving fund, from which the revenues are then allocated periodically to a number of funds, and that the order of priority established by the revenue bond act was followed by the city.

Fifth in priority is the improvement fund into which fund any remaining revenues in the receiving fund, after meeting the priority requirements of the preceding funds, would be deposited. The trial court found the accounting requirements as provided for in the revenue bond act were complied with by the city of Warren.

The principal question we consider on appeal is whether the resolution of January 13, 1959, created an arbitrary and discriminatory classification of persons required to pay the sewer tap fee contrary to the equal protection clauses of article 2, § 1, Michigan Constitution (1908) and the Fourteenth Amendment to the Federal Constitution.[4]

The pertinent portion of the resolution in controversy provides:

"Be it further resolved, that all structures presently existing in the city of Warren that have not yet been connected to the city's sewage facilities, are hereby excepted and will not be subject to the above rates."

[4] For current State Constitution provision see Const 1963, art 1, §§ 1, 2.—REPORTER.

Plaintiff contends there were a substantial number of buildings *in existence* on January 13, 1959, within the defendant city *which were not connected* with any treatment facility and which were dependent upon septic tanks, and that no fee was required of them other than the normal connection and inspection fee. Defendants contend that as to the number of structures built before January 13, 1959, and thereafter tapping without payment of the tap fee, amounted to 418 such structures connected in 1959.

The trial court held:

"For the purpose of this opinion it would be conceded that those who had structures prior to the adoption of the ordinance were, as a matter of fact, permitted to tap without the additional fee, the number of such being of no great moment so far as the principle involved herein."

We cannot agree with that finding of the trial court.

A review of the record in this case does not indicate any rational basis for distinguishing between future users of the sanitation system. While it is conceded by both defendant and the trial court that the resolution clearly exempts structures existing at the time of adoption of the ordinance where there is subsequent connection to the water system, no evidence has been advanced to support such a classification among future users.

This Court has repeatedly held that classification of objects to which a municipal ordinance may be made applicable *must be based on natural distinguishing characteristics and must bear a reasonable relation to the object of the ordinance.* See *Palmer Park Theatre Company* v. *City of Highland Park,* 362 Mich 326; *Mulloy* v. *Wayne County Board of Supervisors,* 246 Mich 632.

Where an ordinance fails to include and affect alike all persons of the same class, and extends immunities or privileges to one part and denies them to others of like kind by unreasonable or arbitrary classification, the same is contrary to the equal protection guarantees of the State and Federal Constitutions. See *Haynes* v. *Lapeer Circuit Judge,* 201 Mich 138.

In the case before us no reasonable or rational foundation has been submitted to support the exemption and classification created by the ordinance. The date January 13, 1959, seems to have been chosen simply because it was the date defendant city decided to begin raising additional revenues. It certainly was not chosen because it formed a reasonable or rational date for establishing a division of a class.

In *Seltzer* v. *Sterling Township,* 371 Mich 214, this Court held that an ordinance imposing privilege fees on all homes connecting to the water system subsequent to the adoption of the ordinance not to be unconstitutional; no arbitrary classification or exemption was attempted by the ordinance in *Seltzer* as in the instant case.

In *Seltzer* the ordinance provided that all those *connecting* to the Sterling township water system must pay the privilege fee, while in the instant controversy, an exemption was created requiring all those *building* subsequent to the adoption of the ordinance to pay the tap-in fee.

Defendant city of Warren contends the ordinance was not arbitrary or discriminatory and states in its brief:

"Stated briefly and succinctly, the city council thus determined that the additional revenues needed to provide the concededly necessary additions to the sewage treatment facilities should be provided, as far as possible, out of the additional rates desig-

nated as sewer tap fees to be paid by all future constructed buildings seeking connection to the sanitary sewers of the city, on the logical and reasonable basis that the need for the expanded facilities was created solely because of the unexpected and unanticipated building boom taking place in the city, thus putting a burden on the treatment facilities which they were not originally designed for. Existing completed unconnected buildings did not create the need for expansion as the constructed sewage treatment plant was designed to take care of all existing population, which necessarily covered all existing buildings. Therefore it was felt that the sewer tap fee should not be applicable to such few existing buildings that were not connected to the sanitary sewers of the city system, only because of the unavailability of such sanitary sewers."

The grounds advanced by defendant city do not indicate a reasonable basis for the classification for the reason that the appellants, who were required to pay the sewer tap fee, also paid ad valorem taxes to the city prior to adoption of the ordinance.

We conclude, therefore, that the defendant city's resolution of January 13, 1959, and the pertinent portion of ordinance No 58, created an arbitrary and discriminatory classification of persons required to pay the sewer tap fee, contrary to the equal protection clauses of article 2, § 1, Michigan Constitution (1908) and the Fourteenth Amendment to the Federal Constitution, in failing to treat equally all those persons connecting with the facility by compelling all to pay the same fees.

In view of our disposition of the above question, it is not necessary to discuss the other questions raised on appeal.

The judgment of the trial court is reversed and the cause remanded to the trial court for the entry of a judgment in favor of appellants in all the cases

consolidated in the amount determined to have been paid by each of them to the city of Warren with interest to the date of payment. Appellants shall have costs.

DETHMERS, KELLY, BLACK, SMITH, and O'HARA, JJ., concurred.

SOURIS, J., did not sit.

ADAMS, J., took no part in the decision of this case.