STARLINE CONSTRUCTION COMPANY v CITY OF SWARTZ CREEK

MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW—ORDINANCES—SEWER ASSESSMENTS—CLASSIFICATION—DUE PROCESS—EQUAL PROTECTION.

A municipal ordinance which requires payment of a fee for tapping into a public sewer system for homes constructed and occupied after the effective date of the ordinance in addition to an annual front-foot assessment, whereas prior to the ordinance only the front-foot assessment was charged, is constitutional and does not deny due process or equal protection to a builder who owns several lots upon which he is constructing houses, and as to which he has paid annual assessments on a front-foot basis, where no arbitrary classification or exemption was attempted by the ordinance (Swartz Creek Ordinance No. 76, § 12.1).

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted Division 2 May 7, 1974, at Lansing. (Docket No. 17715.) Decided July 25, 1974. Leave to appeal applied for.

Complaint by Starline Construction Company against the City of Swartz Creek, seeking a judgment declaring an ordinance invalid. Judgment for defendant. Plaintiff appeals. Affirmed.

*Robert M. Crites,* for plaintiff.

*Edward P. Joseph,* for defendant.

Before: BRONSON, P. J., and HOLBROOK and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE

56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 345, 365, 366.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. Plaintiff commenced an action for a declaratory judgment seeking to declare invalid Ordinance No. 76, Section 12.1, of the City of Swartz Creek. In an opinion entered May 30, 1973, the trial court upheld the constitutionality of the ordinance. A judgment for defendant was entered on July 2, 1973. Plaintiff appeals as of right.

The parties have stipulated to a statement of facts contained in plaintiff's brief. The following is a summary of the statement:

Plaintiff, a builder, is the owner of several lots in the Otterburn Heights subdivision, City of Swartz Creek. Prior to April 28, 1969, the city constructed sewer lines throughout the city, including the Otterburn Heights subdivision, and issued bonds to pay for the cost of the lines. To retire the bonds, the city assessed those lots served by the sewer lines on a front-foot basis. The lots in question have been so assessed annually.

On April 28, 1969, the city enacted Ordinance No. 76 "to provide for the operation of the sewage disposal system". Section 12.1 of Ordinance No. 76 provides, in part:

"Construction and occupancy taking place after the effective date of this ordinance shall be required to pay fees for tapping into the public sewer according to the following schedule:
"(a) Single Family Residence—$500.00"

Thus, under Section 12.1 homes constructed and occupied after the effective date of the ordinance are required to pay a $500 tap-in fee, in addition to the annual front-foot assessment. Prior to the ordinance, only the front-foot assessment plus a $35 installation inspection charge was required.

The new tap-in fees are used to retire the bonds.

Plaintiff has built houses on several of the lots

in question, and intends to build additional houses on the remaining unoccupied lots. All of these houses have been "constructed and occupied" after the effective date of the ordinance. Plaintiff has paid the tap-in fees, pursuant to Section 12.1., under protest.

On September 16, 1971, plaintiff commenced this action seeking to declare Section 12.1 of the ordinance invalid as a denial of due process and equal protection.

In an opinion entered May 30, 1973, the trial court upheld the constitutionality of Section 12.1.

The issue is controlled by *Seltzer v Sterling Township,* 371 Mich 214; 123 NW2d 722 (1963).

Plaintiff's reliance upon *Beauty Built Construction Corp v City of Warren,* 375 Mich 229; 134 NW2d 214 (1965), is misplaced. The Supreme Court was well aware of *Seltzer* when it decided *Beauty Built.* The Court made the distinction which is binding upon us.

"In *Seltzer v Sterling Township* (citation omitted) this Court held that an ordinance imposing privilege fees on all homes connecting to the water system subsequent to the adoption of the ordinance not to be unconstitutional; no arbitrary classification or exemption was attempted by the ordinance in *Seltzer* as in the instant case.

"In *Seltzer* the ordinance provided that all those *connecting* to the Sterling township water system must pay the privilege fee, while in the instant controversy, an exemption was created requiring all those *building* subsequent to the adoption of the ordinance to pay the tap-in fee." 375 Mich at 236; 134 NW2d at 218.

The trial judge recognized the distinction made by the Supreme Court.

So must we.

Affirmed. No costs. A public question.