### STARLINE CONSTRUCTION COMPANY v CITY OF SWARTZ CREEK

Docket No. 56212. Decided December 23, 1974.

Prior to April 28, 1969, the City of Swartz Creek constructed sewer lines throughout the city and issued bonds to pay for the cost of the lines. To retire the bonds, the city assessed the lots served by the sewer lines on a front-foot basis and plaintiff Starline Construction Company's lots have been so assessed annually. On April 28, 1969, the City of Swartz Creek enacted an ordinance to provide for the operation of the sewage disposal system which provided that homes constructed and occupied after the effective date of the ordinance would be required to pay additional fees for tapping into the public sewer system. Plaintiff, a builder, filed an action for a declaratory judgment against the City of Swartz Creek challenging the validity of the ordinance. The Genesee Circuit Court, Ollie B. Bivins, Jr., J., held that the ordinance was valid. The Court of Appeals, Bronson, P. J., and Holbrook and O'Hara, JJ., affirmed (Docket No. 17715). Plaintiff applied for leave to appeal. *Held:* The determination of the Court of Appeals that the ordinance is constitutional is reversed. The ordinance created an arbitrary and discriminatory classification of persons required to pay the sewer tap-in fee because its effect is to exempt structures built and occupied, but not tapped in, before the effective date of the ordinance.

54 Mich App 538 reversed.

MUNICIPAL CORPORATIONS—ORDINANCES—SEWERS—TAP-IN FEE—CLASSIFICATION—CONSTITUTIONAL LAW.

A city ordinance which provides that homes constructed and occupied after the effective date of the ordinance are required to pay additional fees for tapping into the public sewer system is unconstitutional because it burdens structures built and occupied after the effective date of the ordinance while, by

REFERENCE FOR POINTS IN HEADNOTE

56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 361, 574.

implication, those constructed and occupied before the effective date of the ordinance are not required to pay the additional tap-in fees, thus creating an arbitrary and discriminatory classification of persons required to pay the fees, contrary to the equal protection clauses of the Michigan Constitution and the Fourteenth Amendment to the Federal Constitution (US Const, Am XIV; Const 1963, art 1, § 2).

*Robert M. Crites,* for plaintiff.

*Edward P. Joseph,* for defendant.

PER CURIAM. On order of the Court, the application by plaintiff-appellant for leave to appeal is considered, and the same is hereby granted. Pursuant to GCR 1963, 865.1(7) the Court reverses the determination of the Court of Appeals that the ordinance in question is constitutional.

Plaintiff-appellant is the owner of several lots in the Otterburn Heights subdivision, City of Swartz Creek, Genesee County. Prior to April 28, 1969, the city constructed sewer lines throughout the city, and issued bonds to pay for the cost of the lines. To retire the bonds, defendant city assessed the lots served by the sewer lines on a front-foot basis. Plaintiff's lots in question have been so assessed annually.

On April 28, 1969, the City of Swartz Creek enacted an ordinance to provide for the operation of the sewage disposal system which provided in part that those homes constructed and occupied after the effective date of the ordinance would be required to pay additional fees for tapping into the public sewer system.

Prior to the effective date of the ordinance, only the front-foot assessment plus an installation inspection charge was required. While the ordinance under attack does not specifically exempt existing structures that are occupied but not tapped-in, as

was the case in *Beauty Built Construction Corp v City of Warren*, 375 Mich 229; 134 NW2d 214 (1965), the effect of the language of the ordinance is the same for it burdens those structures which are constructed and occupied after the effective date of the ordinance. By implication those constructed and occupied before the effective date of the ordinance are not required to pay the additional tap-in fees.

"We conclude, therefore, that the defendant city's resolution of January 13, 1959, and the pertinent portion of ordinance No 58, created an arbitrary and discriminatory classification of persons required to pay the sewer tap fee, contrary to the equal protection clauses of article 2, § 1, Michigan Constitution (1908) and the Fourteenth Amendment to the Federal Constitution, in failing to treat equally all those persons connecting with the facility by compelling all to pay the same fees." *Beauty Built Construction Co v City of Warren, supra* at 237.

Reversed. No costs, a public question.

T. M. Kavanagh, C. J., and T. G. Kavanagh, Swainson, Williams, Levin, M. S. Coleman, and J. W. Fitzgerald, JJ., concurred.