**340**

569 P.2d 282

HOME BUILDERS ASSOCIATION OF CENTRAL ARIZONA, INC., a Non-Profit Arizona Corporation, for and on behalf of all members similarly situated, and Hallcraft Homes, Inc., an Arizona Corporation, Appellants,

v.

CITY OF SCOTTSDALE, a Municipal Corporation, the City Council of the City of Scottsdale, comprised of B. L. Tims, Mayor, Billie Gentry, William Jenkins, Richard Campana, Dr. Heinz Hink, Herbert Drinkwater, and Douglas Hood, Director of Building Inspection, Appellees.

No. 1 CA–CIV 3404.

Court of Appeals of Arizona,
Division 1,
Department A.

July 12, 1977.

Rehearing Denied Aug. 30, 1977.

Review Denied Sept. 27, 1977.

Carmichael, McClue, Stephens, Mason & Toles, P. C. by James J. Syme, Jr., Phoenix, for appellants.

Richard R. Filler, Scottsdale City Atty., Scottsdale, for appellees.

OPINION

WREN, Judge.

This appeal challenges the constitutionality of a Scottsdale ordinance which levied upon all developers a water development charge in the minimum amount of $400 per dwelling unit on all units for which building permits were obtained after the effective date of the ordinance. Appellants complain that the ordinance is unconstitutional on its face in that it violates principles of equal protection under both our State and Federal Constitutions.

■ Appellants assert that the ordinance, by focusing on the time of obtaining a building permit rather than connecting to the water system, defines an arbitrary and discriminatory class that fails to include all future users of the water system. The authority of the municipality to adopt an ordinance requiring a water development fee has not been questioned. The appellants' assertion is that the ordinance as enacted fails to meet the test of equal protection. That test requires that the classification made by the ordinance have a reasonable basis. *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Carpio v. Tucson High School Dist. No. 1 of Pima Cty.*, 111 Ariz. 127, 524 P.2d 948 (1974).

Appellants argue that the ordinance, in defining the class who must pay the charge as those who obtain building permits in the future rather than as those who connect to the system in the future, arbitrarily discriminated among future users for no rational reason. It is clear under the ordinance that developers who obtained building permits prior to the ordinance could connect to the water system after the ordinance without paying the fee. Appellants analogize the Scottsdale ordinance to the ordinances found violative of equal protection in *Beauty Built Construction Corp. v. City of Warren*, 375 Mich. 229, 134 N.W.2d 214 (1965) and *Starline Construction Co. v. City of Swartz Creek*, 393 Mich. 250, 224 N.W.2d 53 (1974).

In *Beauty Built*, a city ordinance required a sewer tap-in fee to be paid on all new structures and specifically exempted all existing structures that had not tapped-in to the system prior to the effective date of the ordinance. The Michigan Supreme Court held that there was no rational basis for distinguishing between future users of the system. The court noted "that classification of objects to which a municipal ordinance may be made applicable *must be based on natural distinguishing characteristics and must bear a reasonable relation to the object of the ordinance.*" (Emphasis in original.) 134 N.W.2d at 218. In *Starline*, the ordinance required that all homes constructed and occupied after the effective date of the ordinance had to pay a sewer tap-in fee. The court found this ordinance unconstitutional under the holding of *Beauty Built* because of the ordinance's implicit exemption for homes built prior to the ordinance which tapped into the sewer after the ordinance was effective.

We find these Michigan ordinances distinguishable from the Scottsdale ordinance and believe that a rational basis existed justifying the class of future users in the Scottsdale ordinance. The sewer tap-in ordinances in *Beauty Built* and *Starline* permitted homes that were built and occupied prior to the ordinance and utilizing septic tanks for waste disposal to tap-in at no additional charge. These homes were in no different position than newly constructed ones vis-a-vis tapping-in to the sewer system. However, Scottsdale developers who obtained building permits prior to the enactment of the ordinance had a reasonable expectation of being able to connect to the water system without a water development fee and in all likelihood set their costs and entered contracts in reliance on the situation existing at the time of issuance of their building permits. It appears eminently reasonable to this Court that the City of Scottsdale sought to impose this fee on persons prior to their undertaking construction so that they could be on notice of the added cost.

■ It is not necessary to show only that a different class would further the

intended purpose of a new charge, i. e. financing capital improvements to the water system, to sustain an equal protection challenge. Rather the chosen rule must be shown to benefit or burden an unreasonable and arbitrary class and that no justification existed for the distinction drawn. *Park v. Lansing School District*, 62 Mich.App. 397, 233 N.W.2d 592 (1975). The Scottsdale ordinance reasonably distinguished between future users with an expectation of water service at no additional charge at the time of obtaining a building permit and future users notified of such a charge. Therefore, the Scottsdale ordinance, on its face, contains no invidious discrimination among future users.

Appellants further contend that the ordinance discriminates in requiring the fee only of developers who build for sale or lease and in mandating payment from those who obtain building permits and for whatever reason fail to complete construction and connect to the water system. While there may possibly be some ambiguity in the language of the ordinance which would permit appellants' interpretation, we must assume that the City of Scottsdale will interpret its ordinance in a constitutional manner. Because the language allows a nondiscriminatory interpretation, it is facially valid and only if shown to be unconstitutional as applied will it be struck down. *Carpio v. Tucson High School Dist. No. 1 of Pima Cty.*, 21 Ariz.App. 241, 517 P.2d 1288, vacated 111 Ariz. 127, 524 P.2d 948 (1974); *Associated Homebuilders v. City of Livermore*, 56 Cal.2d 847, 17 Cal.Rptr. 5, 366 P.2d 448 (1961). Appellants have not alleged or shown any discriminatory application of the ordinance.

Judgment affirmed.

HAIRE, Acting P. J., and FROEB, C. J., Division 1, concur.