ROUGE PARKWAY ASSOCIATES v CITY OF WAYNE

Docket No. 64575. Submitted July 13, 1983, at Detroit.—Decided January 18, 1984. Leave to appeal applied for.

Rouge Parkway Associates and a number of other owners of real estate brought an action against the City of Wayne and various other municipalities in Wayne Circuit Court challenging a statutory 1% collection fee on property taxes voluntarily paid as being violative of the equal protection clause of the Michigan Constitution. Plaintiffs contended that, although they stand in the same relationship to the cost of collection of taxes as all other taxpayers, they are deprived of equal protection of the law because, the collection fee being determined as a percentage of the taxes due, they pay substantially higher collection fees than others for the very same collection functions. Defendants claimed, on the other hand, that the collection fee is intended to finance more than the cost of collecting taxes—that it also supports the assessment, equalization, review and appeal functions, the cost of which, the defendants say, bear a reasonable relationship to the value of real estate. More than three years after the filing of the complaint plaintiffs moved for class certification. The motion was denied, William J. Giovan, J., on the ground that it was untimely. The court thereafter granted summary judgment in favor of plaintiffs, striking down the fee as being violative of equal protection, and granted recovery of collection fees paid from the time the suit was instituted. Plaintiffs once again moved for class certification, but the motion was again denied. Defendants appeal the order of summary judgment which struck down the collection fee. Plaintiffs appeal the order denying class certification and the trial court's limitation of their recovery to only those fees paid since institution of the lawsuit. *Held:*

1. Whether or not a particular legislative enactment violates equal protection for want of proper classification of subject

REFERENCES FOR POINTS IN HEADNOTES
[1] 16A Am Jur 2d, Constitutional Law § 751.
[2] 59 Am Jur 2d, Parties § 47 *et seq.*
[3] 17 Am Jur 2d, Continuance § 3.
[4] 72 Am Jur 2d, State and Local Taxation § 1075.

individuals or entities is determined by applying a two-part test: (1) Are the enactment's classifications based on natural distinguishing characteristics and do they bear a reasonable relationship to the object of the legislation and (2) are all persons of the same class included and affected alike or are immunities or privileges extended to an arbitrary or unreasonable class while denied to others of like kind. The trial court correctly determined that the challenged collection fee cannot survive either test.

2. The trial court did not abuse its discretion in denying plaintiffs' motions for class certification.

3. The trial court erred in limiting plaintiffs' recovery to the collection fees paid since the institution of the lawsuit. Their recovery should be limited only by the six year period of limitations. Plaintiffs shall recover the fees paid for the six years prior to the institution of the lawsuit along with the fees paid since that time.

Affirmed in part and modified in part.

1. CONSTITUTIONAL LAW — STATUTES — EQUAL PROTECTION — CLASSIFICATION.

There are two tests to guide judicial scrutiny of suspect legislative enactments to determine whether or not a particular enactment violates equal protection for want of proper classification of subject individuals or entities: (1) Are the enactment's classifications based on natural distinguishing characteristics and do they bear a reasonable relationship to the object of the legislation and (2) Are all persons of the same class included and affected alike or are immunities or privileges extended to an arbitrary or unreasonable class while denied to others of like kind?

2. PARTIES — CLASS ACTION.

A court must take into account the practical problems that will arise in a class action if the class is allowed to proceed on a representative basis.

3. TRIAL — CONTINUANCE — ADJOURNMENT — APPEAL.

The granting or denial of an adjournment is within the discretion of the trial court; the trial court's determination will not be disturbed absent a showing of an abuse of discretion (GCR 1963, 503.1).

4. TAXATION — PROPERTY TAX — COLLECTION FEES — REIMBURSEMENT OF FEES.

Plaintiffs who sued challenging the constitutionality of a statute

authorizing the levying of a 1% collection fee on property taxes voluntarily paid are entitled to reimbursement of fees paid for the six years prior to the institution of the action as well as the fees paid since the institution of the action where the statute is struck down as being unconstitutional (MCL 211.44; MSA 7.87).

*Hyman, Gurwin, Nachman, Friedman & Winkleman* (by *Thomas J. Beale* and *George W. Day*), for plaintiffs.

*Riley & Roumell* (by *Thomas P. Brady*), for Cities of Wayne, Royal Oak, and Flat Rock and the Townships of Van Buren and Canton.

*Peter E. Bec,* for City of Southgate.

*Cozadd, Shangle, Smith & Andrews* (by *John R. Day*), for City of Belleville.

Amici Curiae:

*Peter Macuga, II,* for City of Detroit.

*Harry Tatigian,* for City of Livonia.

*Charles E. Lowe,* for City of Plymouth.

*Phillip L. Poole,* for City of Southfield.

*Kenneth J. McIntyre,* for City of St. Clair Shores.

*Judith A. Cook,* for City of Westland.

Before: J. H. GILLIS, P.J., and GRIBBS and H. R. GAGE,* JJ.

PER CURIAM. Defendants appeal from an order of summary judgment granted by Wayne County

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Circuit Court Judge William J. Giovan which struck down the 1% collection fee on property taxes voluntarily paid contained in MCL 211.44; MSA 7.87 as violative of the equal protection clause of the Michigan Constitution, Const 1963, art 1, § 2. Plaintiffs appeal from an order denying certification of a class pursuant to GCR 1963, 208.1(3)[1] and the trial court's limitation of their recovery to only those fees paid since institution of this lawsuit.

The trial court stated the facts of the case as follows:

"Each plaintiff owns real estate located within one of defendant municipalities and has paid local real estate taxes consisting of school, county and city or township millages. Under the authority of the challenged statute, each municipality imposes a collection fee on the taxpayer which is added to the amount of the tax due. At the time of the filing of plaintiffs' complaint (May 31, 1977), the provision in question, section 44 of the property tax act, 1893 PA 206 [MCL 211.44; MSA 7.87], provided:

" 'Sec. 44. On receiving such tax roll the township treasurer or other collector shall proceed to collect such taxes. The township treasurer or other collector shall mail to each taxpayer at his last known address on his tax roll, on the receipt of such tax roll, a statement showing the description of the property against which the tax is levied, the assessed valuation of such property and the amount of the tax thereon. The tax statement shall set forth the state equalized valuation. The expense of preparing and mailing such statement shall be paid from the county, township, city or village funds. Failure to send or receive such notice shall not in any way prejudice the right to collect or enforce the payment of any tax. The township treasurer shall remain in his office at some convenient place in his township on

_____

[1] This court rule has since been amended. See GCR 1963, 208.2, subds (A), (B).

every Friday in the month of December from 9 a.m. to 5 p.m. to receive taxes, but he shall receive taxes upon any week day when they may be offered. *On all sums voluntarily paid before February 15 of the succeeding year, he shall add 1% for collection fees,* and upon all taxes paid on or after February 15 he may add to the tax and 1% fee an additional collection fee equal to 3% of the tax. Taxes collected by the township treasurer after the last day of February and before settlement with the county treasurer shall have added thereto a 4% collection fee and interest on the tax at the rate of 1/2 of 1% per month, which payment shall be treated as though collected by the county treasurer. Collection fees for years prior to 1964 on taxes which have been paid in full and which have not been heretofore collected by the township treasurer are deemed waived. If the treasurer shall not mail the statements hereinabove required to be mailed on or before December 30, he shall be limited to 1% for collection fees with respect to taxes collected by him on and after February 15. In townships in which the treasurer receives a salary, the township board only may waive all or part of the collection fees on taxes paid on or before February 15. All fees collected by the township treasurer in townships where the treasurer receives a salary shall be credited to the contingent fund of the township. In a city in which the treasurer receives a salary the city commission or council may waive all or part of the collection fee on taxes paid on or before the due date established for the collection of taxes. When the bond of the treasurer, as provided in section 43, is furnished by a surety company, the cost of the bond shall be paid by the township from the contingent fund of the township. If the township treasurer is apprehensive of the loss of any personal tax assessed upon his roll, he may enforce its collection at any time, and if compelled to seize property or bring suit in December may add 4% for collection fees.' (Emphasis supplied by trial court.)[2]

"The plaintiffs contend that, although they stand in the same relationship to the cost of collection of taxes as all other taxpayers, they are deprived of equal

[2] This statute has since been amended.

protection of the law because, the collection fee being determined as a percentage of the taxes due, they pay substantially higher collection fees than others for the very same collection functions. The defendants claim, on the other hand, that the collection fee is intended to finance more than the cost of collecting taxes—that it also supports the assessment, equalization, review and appeal functions, the cost of which, the defendants say, bear a reasonable relationship to the value of real estate."

After reviewing the amendments to the statute over the years, the trial court wrote:

"In determining the intended purpose of the 1% fee, our historical inquiry should not divert us from what is obvious on the face of the present statute. Section 44 specifies that the expense of preparing and mailing the tax statement is to be borne by the local government unit and that where the township treasurer is salaried the collection fees are credited to the township contingent fund. If a city treasurer is salaried the city council may waive all or part of the 1% fee. Additional fees are authorized if the treasurer is compelled to seize property or bring suit. The questioned fee is provided for in the chapter of the property tax act entitled 'Of the Collection of Taxes.' The other aspects of the taxation process are treated elsewhere in the statutes with separate provisions for compensating the officers performing those functions. And, to be sure, the questioned fee is called a 'collection' fee. It seems patent that the only purpose for the 1% collection fee offered by the statute is to compensate for the costs connected with collecting tax bills voluntarily paid. * * *"

Basing its decision on the analysis contained in *Alexander v Detroit,* 392 Mich 30, 35-36; 219 NW2d 41 (1974), the trial court held that the 1% collection fee imposed by MCL 211.44; MSA 7.87 on taxes voluntarily paid is constitutionally in-

valid under the guarantees of the equal protection clause of the Michigan Constitution.

On appeal, defendants argue that the classification established by the statute must be sustained where it is reasonably related to a legitimate governmental interest. This inquiry must be restricted to the issue of whether any state of facts either known or which could reasonably be assumed affords support for the statute's classification. Defendants argue that the collection fee was enacted to help municipalities offset the cost of administering the property tax system. This cost includes a number of functions besides the actual physical collection of taxes. Defendants contend that it takes considerably more time to appraise commercial property than it does to assess residential property and that it therefore costs more to administer the property tax program with regard to such property. Since the taxation of commercial properties costs more time and money to administer, according to defendants, such properties are properly distinguished from residential property. Furthermore, the argument goes, the classification bears a reasonable relationship to the object of these statutes. Defendants argue that requiring properties that cost more to administer tax upon to pay a higher collection fee is a reasonable way to offset the cost of administering the property tax system. Thus, they argue, all persons of the same class are treated alike since they all pay the same 1% collection fee. Defendants seek to have this Court hold that plaintiffs have failed to sustain their burden of proof and that the trial court's order declaring MCL 211.44; MSA 7.87 unconstitutional must be reversed.

We disagree.

In *Alexander v Detroit, supra,* pp 35-36, our

Supreme Court set out a two-part test to determine "whether or not a particular legislative enactment violates equal protection for want of proper classification of subject individuals or entities":

"(1) Are the enactment's classifications based on natural distinguishing characteristics and do they bear a reasonable relationship to the object of the legislation? *Fox v Employment Security Comm,* 379 Mich 579, 588; 153 NW2d 644, 647 (1967); *Beauty Built Construction Corp v City of Warren,* 375 Mich 229, 235; 134 NW2d 214, 218 (1965); *Palmer Park Theatre Co v Highland Park,* 362 Mich 326, 346; 106 NW2d 845, 855-856 (1961).

"(2) Are all persons of the same class included and affected alike or are immunities or privileges extended to an arbitrary or unreasonable class while denied to others of like kind? *Fox v Employment Securities Comm,* 379 Mich 579, 589; 153 NW2d 644, 647-648 (1967); *Beauty Built Construction Corp v City of Warren,* 375 Mich 229, 236; 134 NW2d 214, 218 (1965); *Palmer Park Theatre Co v Highland Park,* 362 Mich 326, 347-348; 106 NW2d 845, 855-856 (1961)."

We concur in the following analysis made by the trial judge under the standards set forth in *Alexander* and the trial judge's conclusion that the questioned collection fee cannot survive either test:

"Under the relevant provision of section 44 a taxpayer who voluntarily pays taxes in the amount of $1,000 is charged a collection fee of $10.00, while one who pays $10,000 in taxes is charged one ten times greater. The cost of collecting the two tax bills, on the other hand, cannot differ in any material way. The expenses of maintaining the treasurer's office, of preparing and mailing the tax statements and of receiving and depositing the funds cannot vary in any measurable degree as between the two taxpayers.

"Applying the first of the two tests identified in the

*Alexander* case, there are no natural distinguishing characteristics to separate the hypothetical taxpayers in regard to the cost of collecting their taxes, nor do the disparate fees bear any reasonable relationship to the actual costs of collection. Applying the second, taxpayers in the same class are not treated alike but, rather, are separated according to the sum of the taxes owed, an unreasonable and arbitrary distinction in view of the object of the collection fee."

Plaintiffs, in their appeal, argue that the trial court erred by denying plaintiffs' motion for class certification. Prior to the trial court's grant of summary judgment, plaintiffs moved for certification of the class. The trial court denied the motion, one reason being that the motion had not been timely filed. After the trial court's grant of summary judgment, plaintiffs again sought to certify a "subclass of taxpayers". This motion was also denied.

The complaint was filed on May 31, 1977. The first motion to certify the class was dated September 8, 1980, and noticed for hearing on September 26, 1980—more than 3 years and 3 months after the filing of the complaint. The case was scheduled for trial on October 14, 1980, 18 days after the scheduled hearing on the motion for certification. In discussing the late date of the proposed certification, the trial court commented that "the order can't be signed within the time intervening between now and the scheduled trial date".

One of the eight requirements to be considered by the court in determining the certification of a class action is the convenient administration of justice.

"The principle which emerges from these cases is that when a court is faced with the question of whether a particular lawsuit can proceed on a representative

basis, it must take into account the practical problems that will arise if the case is allowed to proceed on a representative basis."

*Grigg v Michigan National Bank,* 405 Mich 148, 189; 274 NW2d 752 (1979). Certification of a class at this late date would have necessitated an adjournment.

It has long been the policy of the courts to encourage the diligent preparation and trial of cases. See GCR 1963, 503.1. Adjournments of trials are within the discretion of the trial court and will not be disturbed absent a finding that this discretion was abused. *Rosselott v County of Muskegon,* 123 Mich App 361; 333 NW2d 282 (1983); *Moldovan v Allis Chalmers Mfg Co,* 83 Mich App 373, 382; 268 NW2d 656 (1978). In affirming the denial of a request for an adjournment, the *Rosselott* Court found no abuse of discretion, stating "this lawsuit was nearly 3 years old at the time plaintiff's motion was heard". Class certification in our case would have led to the problem discussed in *Rosselott.*

We find no abuse of discretion and therefore no error in denying either of plaintiffs' motions to certify a class.

The trial court allowed plaintiffs reimbursement for the collection fees paid by them on taxes timely paid since they became parties to the action. Since there was no dispute over the amount paid by plaintiffs during that period, each was individually granted summary judgment for that amount.

On appeal, plaintiffs argue that their recovery should be limited only by the six year period of limitations, MCL 600.5813; MSA 27A.5813.

We agree. Plaintiffs shall recover the fees paid for the six years prior to the institution of this lawsuit along with the fees paid since that time.

Affirmed in part; modified in part.