**George DOWNEY, et al.**

v.

**WELLS SANITARY DISTRICT.**

Supreme Judicial Court of Maine.

Argued March 15, 1989.
Decided July 18, 1989.

Ronald R. Coles, Robert E. Mongue, (orally) Coles & Mongue, Kennebunk, for plaintiffs.

Paul L. Beach (orally), Daughan & Kimmel, Wells, for defendant.

Joseph Donahue, Joanne B. Steneck, Public Utilities Com'n, Augusta, for amici curiae P.U.C.

Carl E. Kandutsch, Verrill & Dana, for amicus curiae Kennebunk, Kennebunkport and Wells Water Dist. and Maine Water Utilities Assoc.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN and COLLINS, JJ.

ROBERTS, Justice.

The Wells Sanitary District appeals from a judgment of the Superior Court, (York County, *Brennan, J.*) determining that the District's method of requiring certain users to bear the impact of sewer expansion was within its statutory authority but that the method violated equal protection standards. Because we conclude that the method of fixing the charges is rationally related to the objectives of the District in expanding the sewer system, we vacate the judgment.

## I.

The Wells Sanitary District was formed in 1970 and began to serve the District in 1979. As originally planned, sewer service was to be available for lots existing along the sewer line in 1979. Planners assumed that future development on vacant lots abutting the sewer line would require service for single family residences. The system was expected to be adequate until 1999.

In 1986, the District trustees discovered that the present system was approaching full capacity ahead of schedule due to unanticipated demand from development. To fund the needed expansion of the system, the District trustees adopted a "sewer impact fee," a one-time charge imposed on residential and commercial developments whose occupancy permit was received after April 24, 1986.

George and Sandra Downey, owners of the Misty Harbour Resort Motel Condominium, were assessed an impact fee of approximately $58,000. They filed a complaint requesting a declaratory judgment that the "impact rate" was null and void because it was not properly adopted and did not comply with the District's statutory authority. The District filed an answer and counterclaimed for the impact fee, interest and costs. The parties filed cross-motions for summary judgment and stipulated the authenticity of the records attached to the plaintiffs' motion. On May 13, 1988, the court granted the Downeys' motion for summary judgment and denied the District's motion. After an appeal was filed, the case was remanded for entry of final judgment in favor of the plaintiffs on the defendant's counterclaim. That entry was made on September 14, 1988, and this appeal followed.

## II.

The court rejected the Downeys' contention that the ordinance was invalid for non-

compliance with 38 M.R.S.A. §§ 1202 and 1203 (1978 & Supp.1988). Instead, the court looked to 38 M.R.S.A. § 1151, which grants express powers to a sanitary district to lay sewers and construct treatment plants, and 38 M.R.S.A. § 1209, which authorizes a district to impose charges for the use of sewers, sewer systems and treatment. The court further determined that the District had satisfied the procedural requirements of the statutes. Nevertheless, it concluded that the charge did not satisfy constitutional equal protection requirements.

The court noted that precise mathematical equality is not required to satisfy equal protection concerns. It concluded, however, that to impose the entire cost of expansion on a class of users based solely on date of occupancy and on whether the use was anticipated in the original design, without regard to the expense previously borne by those properties in comparison with the properties exempt from the charge, was a denial of equal protection.

Distinctions are constitutional as long as they are rationally related to the objective of the regulation and are not "arbitrary, unreasonable, or irrational." *Lambert v. Wentworth*, 423 A.2d 527, 531 (Me. 1980). The trial court correctly observed that not all classifications which treat individuals differently are a denial of equal protection. We do not agree, however, that the plan employed by the Wells Sanitary District is arbitrary, unreasonable, or irrational.

The rapid development in the Town of Wells placed greater demands than anticipated on the sewer system's capacity that the District had expected to be sufficient until 1999. The District retained the services of an engineering firm to prepare a plan for expanding the system's capacity. In its 1986 report, the firm concluded that a continuation of the current growth rate would exhaust the sewer system's capacity by 1991, eight years earlier than planned. To address this problem, the firm recommended the imposition of the impact fee at issue in this appeal.

Contrary to the trial court's conclusions, the methodology recommended by the engineering firm and adopted by the District did give credit for contributions made by "ready to serve customers," "vacant lot customers" or "current customers expanding their use" to the original system. Property owners who were served by the original system, but who expanded their demand after April 24, 1986, were credited with the amount of the design flow of their original service. New customers who had contributed to the original system were assessed a fee to the extent their requirements exceeded the residential demand anticipated in the original design. Because any method would result in some imprecision, we conclude that the District's charge is not arbitrary, unreasonable, or irrational and satisfies the requirements of the equal protection clause.

A number of jurisdictions permit the cost of expansion to be borne by new users.[1] We can find no constitutional violation in doing so here, particularly in view of the contributions to the original system that are credited against the assessment. *Beauty Built Constr. Co. v. City of Warren*, 375 Mich. 229, 134 N.W.2d 214 (1965).

The entry is:

Summary judgment for plaintiffs vacated.

Remanded for further proceedings on the counterclaim consistent with the opinion herein.

All concurring.

---

**1.** *See e.g., City of Arvada v. City and County of Denver*, 663 P.2d 611 (Colo.1983); *Banberry Develop. Corp. v. South Jordan City*, 631 P.2d 899 (Utah 1981); *Beauty Built Constr. Co. v. City of Warren*, 375 Mich. 229, 134 N.W.2d 214 (1965).