**CONCERNED TAXPAYERS COALITION OF SCARBOROUGH, et al.**

v.

**TOWN OF SCARBOROUGH, et al.**

Supreme Judicial Court of Maine.

Argued June 15, 1990.

Decided July 13, 1990.

Peggy L. McGehee (orally), Perkins, Thompson, Hinckley & Keddy, Portland, for plaintiff.

Catherine O'Connor (orally), F. Paul Frinski, Bernstein, Shur, Sawyer & Nelson, Portland, for defendant.

Before ROBERTS, WATHEN, COLLINS and BRODY, JJ.

BRODY, Justice.

The Concerned Taxpayers Coalition of Scarborough and some individual residents (taxpayers) appeal a judgment of the Superior Court (Cumberland County, *Brennan, J.*) in favor of the Town of Scarborough, the Town Council and the members of the Town Council (Town) in an action challenging an assessment imposed to cover part of the costs of a sewer extension project. The taxpayers argue that the evidence established they are not specially benefitted by the extension, and therefore, the assessment violates the statutes governing assessments and their constitutional right of equal protection. We affirm.

 In February 1985, the Town commissioned a feasibility study for an extension of the public sewer in four service areas. The taxpayers live in service area 1, which closely approximates an area designated as the "Eight Corners Development District," and service area 2, which covers a part of town known as Hunnewell Hill. In March 1986, the Town Council authorized a sewer extension project for service areas 1 and 2. In January 1989, the Town held a public hearing on a proposed assessment of $2,900 per dwelling. In March 1989, the Town adopted a revised assessment of $2,000 for developed lots and $3,000 for undeveloped lots. The taxpayers filed a complaint and petition pursuant to M.R.Civ.P. 80B, challenging the assessment on constitutional and statutory grounds. The court upheld the assessment on all counts relevant to this appeal.

 An assessment may not be imposed unless the property assessed receives a special benefit "apart from that enjoyed by the community in general...." *City of Auburn v. Paul,* 84 Me. 212, 215, 24 A. 817 (1892). A "legislature's determination that lands will be benefited by a public improvement for which it authorizes a special tax is, ordinarily, conclusive. Its action in so doing cannot be assailed under the 14th Amendment, unless it is palpably arbitrary or discriminatory." *Thomas v. Kansas City Southern Ry. Co.,* 261 U.S. 481, 483, 43 S.Ct. 440, 441, 67 L.Ed. 758 (1923); *see Downey v. Wells Sanitary Dist.,* 561 A.2d 174, 176 (Me.1989). The assessment must be rationally related to the objective for which it is imposed, and must be in proportion to the benefit conferred. *Id.; Dyar v. Farmington Village Corp.,* 70 Me. 515, 527 (1878).

Title 30–A M.R.S.A. § 3442(2) (Pamph. 1989) provides the authority to impose the assessment on properties in service area 2, which is not a development district. Section 3442(2) states in part that municipal officials "shall determine what lots or parcels of land are benefited by the drain or sewer, and shall estimate and assess upon the lots and parcels of land ... the sum not exceeding the benefit they consider just and equitable towards defraying the expenses of constructing and completing the drain or sewer...." Title 30–A M.R.S.A. § 5255(1)(A) (Pamph.1989) governs assessments in development districts and states in part: "The assessment shall be made upon lots or property that have been benefited by improvements constructed or created under the development program and may not exceed a just and equitable proportionate share of the cost of the improvement."

 The assessment statutes do not define the term "benefit." The taxpayers ask that we adopt as the sole measure of benefit the increased fair market value to the assessed properties as a result of the sewer extension, and argue that the evidence conclusively demonstrated that there was no increase. We reject such a narrow

interpretation of the term. In measuring the special benefit, the town need not be restricted to the difference in fair market value before and after the improvement. *See Simmons v. City of Moscow*, 720 P.2d 197, 203–204 (Idaho 1986). In order to support the assessment it is not necessary for the Town to measure precisely the benefit to each piece of property or to calculate exactly how much of the improvement is for the public and how much is for the special benefit of those assessed. Under the statutes quoted above, it need only estimate the benefit. *See also Downey v. Wells Sanitary Dist.*, 561 A.2d at 176; *Baltimore County v. Batza*, 507 A.2d 216, 227 (Md.Ct.Spec.App.1986), *cert. denied*, 307 Md. 83, 512 A.2d 377 (1986).

 Once the municipality has determined what lots or parcels of land are benefitted by the sewer, the burden is on the taxpayers to affirmatively establish the absence of benefit from the sewer extension. *Nolan v. Bureau of Assessors*, 31 N.Y.2d 90, 335 N.Y.S.2d 38, 40–41, 286 N.E.2d 435, 436–437 (1972); *see Thomas v. Kansas City Southern Ry. Co.*, 261 U.S. at 483, 43 S.Ct. at 441. Because the taxpayer has the burden of proof, the finding of a benefit will not be overturned unless the evidence compels a contrary finding. *See Advanced Medical Research Found. v. Town of Cushing*, 555 A.2d 1040, 1041 (Me.1989).

The court found that the taxpayers benefitted because the burden of maintaining and replacing septic systems was eliminated, and noted that there was evidence that the cost of replacing a septic system exceeds the cost of installing and connecting to the new sewer. It did not err in holding that the taxpayers failed to overcome the presumption of validity of the assessment. The finding of a benefit was not palpably arbitrary or discriminatory. The taxpayers were not deprived of property without due process, *see Bung's Bar & Grille, Inc. v. Township Council of Florence*, 206 N.J. Super. 432, 502 A.2d 1198, 1212 (Law Div. 1985), nor was their property taken without just compensation, *see Schumacher v. City of Excelsior*, 427 N.W.2d 235, 237 (Minn. 1988). Furthermore, the court did not err in finding that the assessment was rationally related to the purpose of the sewer extension, which was to meet the demand of anticipated development in the area, to encourage more intense and higher value development, and to protect public health and welfare. *See Downey v. Wells Sanitary Dist.*, 561 A.2d at 176.

 The statutes also require that the assessment be just and equitable, but do not define these terms. The court found that the assessment was just and equitable because 1) it was reduced after public hearing from the proposed $2,900 to $2,000 for developed lots, 2) most of the costs of the sewer extension were to be borne by other financing, 3) the taxpayers may elect to pay the assessment over a ten year period and 4) there is a waiver mechanism for those who would suffer hardship as a result of the assessment. These findings were not clearly erroneous. *See Harmon v. Emerson*, 425 A.2d 978, 981 (Me.1981).

The entry is:

Judgment affirmed.

All concurring.